## JACOBS & BARBONE, P.A.

EDWIN J. JACOBS, JR.
ejacobs@jacobsbarbone.law

LOUIS M. BARBONE
lbarbone@jacobsbarbone.law

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1125 PACIFIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
PHONE: (609) 348-1125
FAX: (609) 348-3774
WEBSITE: WWW.JACOBSBARBONE.LAW

PATRICK C. JOYCE
pjoyce@jacobsbarbone.law

JOEL S. JUFFE
jjuffe@jacobsbarbone.law

PHYLLIS WIDMAN
pwidman@jacobsbarbone.law

October 14, 2019

Via ECF
Hon. Joel Schneider, USMJ
District Court of New Jersey
Mitchell H. Cohen US Courthouse
4th & Cooper Streets
Camden, NJ 08101

      RE:    U.S.A. v. Sterling Wheaten
               Criminal No. 18-608 (RMB)
               Our File No. 16,042

Dear Judge Schneider:

Please accept this letter brief in opposition to the government's motion to revoke pretrial release. It is defendant's position that the alleged facts in support of the government's motion cannot be supported by clear and convincing evidence. 18 U.S.C. §3142(f)(2)(B). Further that there are clearly conditions or a combination of conditions that will assure defendant's continued appearance before the Court and that there is no danger to the safety of any person or to the community. 18 U.S.C. §3148(b)(2)(A).

### PROCEDURAL HISTORY

On October 11, 2018 defendant was arraigned and the Court released defendant on $50,000 personal recognizance bond. (Docket 5). The Court imposed bail conditions (Docket 9), one of which prohibited the defendant from violating any federal, state or local law while on release.

Defendant Wheaten has meticulously complied with each and every condition over the last year.

On September 28, 2019, Patrolman Jake Rando of the Margate City Police Department swore Warrant No. 2019-000090 against the defendant alleging simple assault and terroristic threats against M.C. as well as endangering the welfare of a child, namely C.W. (Defendant's Exhibit B to the October 10, 2019 letter to Chief Assistant Formica). On the same day defendant was released by a New Jersey Magistrate on his recognizance with a condition of no contact with M.C. and a condition of continued

custody and visitation with C.W. but with the insertion of the third party for the pick up and drop off of the child. Defendant and M.C. have voluntarily continued in a custody and visitation agreement since C.W.'s birth approximately 3½ years ago.

On September 28, 2019 defendant Wheaten called Pretrial Services and reported the arrest and charges to Pretrial Services.

On September 30, 2019 defense counsel provided the AUSA and Pretrial Services a copy of Warrant No. 2019-000090 and the information with regard to the defendant's release and conditions imposed. (Exhibit A hereto).

On October 2, 2019 M.C. filed a civil complaint alleging domestic violence and seeking a Temporary Restraining Order in the Family Part of the Superior Court. (Docket No. FV-01-000453-20, defendant's Exhibit C to the October 10, 2019 letter).

On October 3, 2019, the day after filing for temporary restraints, M.C. filed a "emergency complaint for custody" in the Court of Common Pleas of Bucks County, Pennsylvania, Family Division. (Defendant's Exhibit E to the October 10, 2019 letter). The complaint was verified by M.C. on September 30, 2019 and signed by her counsel on October 1, 2019.

On October 10, 2019 M.C. appeared in the Superior Court, Family Division of Atlantic County with private counsel and voluntarily withdrew her civil complaint and the Temporary Restraining Order. M.C. specifically told the Court that she has no concern or fear for her safety or that of her child. The Court's Order was entered after direct colloquy of M.C. (Exhibit A to the letter of October 10, 2019).

On October 11, 2019 the government moved to revoke bail pursuant to 18 U.S.C. §3142 and 3148 with memoranda and documents filed in support.

## STATEMENT OF FACTS

Warrant No. 2019-000090 was sworn on the Affidavit of Patrolman Jake Rando of the Margate City Police Department. That warrant charges the defendant with a disorderly person's simple assault, a third degree crime of terroristic threats and a second degree crime of endangering the welfare of a child. The Affidavit however is not based on the personal knowledge of Patrolman Rando. Instead, it is based on statements allegedly made by C.W. to Sergeant Arcuri of the Margate City Police Department on September 28, 2019.

On September 28, 2019 C.W. specifically refused the filing of criminal complaints as well as entry of a Temporary Restraining Order.

Defendant and C.W. have maintained a joint custody and visitation schedule with their child, C.W. since his birth. Prior to September 28, 2019, there have been discussions between the two about M.C.'s failure to spend time with the child and comply with the voluntary custody and visitation schedule. M.C. is an Irish dance instructor that has over the last months been out of the country for considerable blocks of time in California, Ireland and Canada. (Exhibit D to the October 10, 2019 letter). On September 27, 2019 a Friday, M.C. traveled to the defendant's home with C.W. so that he could attend a soccer clinic on Saturday morning in Margate. M.C. decided to spend the night at the defendant's home and verbal discussion and argument ensued about her travel schedule and the fact that C.W. was being left with her parents in Langhorne, Pennsylvania while she was traveling. While defendant admits as he did to Margate police that there was a "verbal altercation", he specifically denies any physical contact or assault of M.C. Defendant maintains that the TRO filed by M.C. was strategic, in order to justify the filing for full custody in Pennsylvania. Notably, after refusing a TRO or the filing of criminal complaints on September 28, M.C. files a domestic violence complaint after consultation with private counsel and does so the day before she then files a petition for custody. While the Pennsylvania custody petition was filed on October 3, M.C. signed the verification for that petition on September 30.

Separate and apart from what M.C. allegedly reported to Margate police on September 28, she filed a domestic violence complaint and certified it on October 2, 2019. The factual claims in that DV complaint are consistent with the information contained in the reports of Patrolman Rando and Sergeant Acuri. M.C. then withdraws that complaint voluntarily with private counsel in the Superior Court, Family Division on October 10, 2019 and affirms to the family Judge that she has no safety concern whatsoever for her or her child. In sum, the factual averments of M.C. were withdrawn on October 10 and the TRO dismissed.

### LEGAL ARGUMENT

### POINT I

THERE IS NEITHER PROBABLE CAUSE THAT THE DEFENDANT COMMITTED A CRIME, NOR CLEAR AND CONVINCING EVIDENCE THAT DEFENDANT VIOLATED RELEASE CONDITIONS PURSUANT TO 18 U.S.C. §3148(b)(1)(A) and (B).

While the government correctly recites the low threshold for a probable cause finding, the instant matter proceeds to the Court based upon an Affidavit of a Patrol Officer and Sergeant's report, both of whom have no firsthand knowledge as to the truth of any of the allegations made. Instead, the warrant issued by Margate City police is mandatory under New Jersey law where a police officer in response to a call of domestic violence observes "signs of injury". The statute provides in relevant part as follows:

3

> a. When a person claims to be a victim of domestic violence, and where a law enforcement officer responding to the incident finds probable cause to believe that domestic violence has occurred, the law enforcement officer **shall arrest** the person who is alleged to be the person who subjected the victim to domestic violence and shall sign a criminal complaint if:
>
> (1) The victim exhibits **signs of injury** caused by an act of domestic violence; ...

N.J.S.A. 2C:25-21a(1).

On September 28, 2019, Margate City police went to the defendant's home and M.C. exited claiming injury. Apparently she pointed to her forehead and neck which had some sign of redness and to her knee, maintaining that a prior injury had been reopened. The facts and information relayed to the officers established probable cause as defined by N.J.S.A. 2C:25-21 and the verbal information was occasioned with "signs of injury". As such, the filing of a warrant was mandatory.

In conjunction with that probable cause statement however M.C. maintained that she was in fear of the defendant while at the same time refusing the entry of a TRO. M.C. additionally refused to file any criminal complaints. On October 10, 2019, M.C. appeared in the Superior Court on the precise same factual record yet voluntarily withdrew that complaint and recanted any fear of the defendant as well as any concern whatsoever for her safety or that of her child. The withdrawal and affirmative representation by M.C. on October 10, 2019 is in direct contradiction to the alleged facts of probable cause recited in her DV complaint and as recited by Margate City police in support of the criminal warrant.

The events and circumstances instead establish that the two had a voluntary custody and visitation schedule with C.W. and that a dispute arose with regard to M.C.'s compliance. That dispute elevated to a verbal argument on September 28 and M.C. called the police. Once M.C. consults with private counsel, she signs a verification for full custody on a complaint in Pennsylvania September 30, 2019, then files the New Jersey TRO on October 2, and ultimately files the PA complaint a day later on October 3. And while that Pennsylvania complaint likewise alleges "an instance of domestic violence with the defendant occurring on September 27-28 that raised concern for the best interest of the child", (defendant's Exhibit E to the October 10, 2019 letter), she swears to the converse before the Superior Court of New Jersey seven days later. In addition, at all times after September 28th M.C. continued with the voluntary custody and visitation of the defendant without interruption. The factual inconstancies are simply astounding and lead to the logical conclusion that M.C. is using the DV practice strategically in a complaint for full custody.

4

M.C. additionally claimed for the first time in her October 2, 2019 Domestic Violence Complaint that there were prior acts of domestic violence never before reported. Every one of those alleged acts of domestic violence were exclusively said to be between the defendant and M.C. without any independent witnesses, except for one claim 3 years ago. In that instance, M.C. claimed that she was physically assaulted and had to flee to a neighbor's house to "spend the night". The neighbor, who is not a police officer but a firefighter, namely Joseph Caprio, provided a recorded statement to a defense investigator on October 4, 2019. (Exhibit F to the October 10, 2019 letter). While Mr. Caprio acknowledges that in the early morning hours M.C. knocked on his door and claimed that she had been victimized by various physical assaults, she exhibited absolutely no evidence of assault. She also stayed for a couple of hours and then went back to the defendant's home. While she was at Caprio's home with his fiancée, Caprio went to the defendant's home two doors down and spoke with him. The defendant was in the house with his infant, admitted that there had been a verbal argument but neither the defendant nor the property appeared to have been the site of any physical disturbance or fight. Mr. Caprio goes on to discuss M.C.'s lack of credibility, given his two-year relationship with her and his recollection of various statements she made that were entirely unsupported and inconsistent.

Pursuant to 18 U.S.C. §3142(f)(2)(B), the facts underlying the Court's finding must be based on "clear and convincing evidence". The statute provides in relevant part as follows: ...

> The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination conditions will reasonably assure the safety of any other person in the community shall be supported by clear and convincing evidence. ...

Defendant Wheaten respectfully submits that given the totality of circumstances herein, there is neither probable cause nor clear and convincing evidence to revoke defendant's pretrial release.

## POINT II

THERE ARE CLEARLY CONDITIONS OR A COMBINATION OF CONDITIONS THAT WILL ASSURE DEFENDANT'S PRESENCE AND ELIMINATE ANY DANGER TO THE SAFETY OF ANY PERSON OR THE COMMUNITY.

Pursuant to 18 U.S.C. §3142(g) multiple factors support the conclusion of continued pretrial release pursuant to §3148(b)(2)(B). Both the nature and circumstances of the offenses currently charged as well as the weight of the evidence against the defendant, are in severe dispute and conflicted. While there purports to be a statement in support of probable cause for the crimes charged by police officers, the only first person

5

account of the facts underlying probable cause were voluntarily withdrawn in support of dismissing the TRO on October 10, 2019. The conduct of M.C. is directly contrary to any normal and expected position of a party that has alleged such victimization. M.C. not only took back her factual predicate of assault, she swore to a Superior Court Judge that she has no fear whatsoever for her safety or that of her child from defendant Wheaten. Moreover, she agreed and continued the voluntary custody and visitation with the defendant via use of a third party intermediary, namely the defendant's mother for drop off and pick up of the child.

The history and character of defendant Wheaten is undisputed. Defendant has no criminal, offense or even petty offense conviction in the State of New Jersey, or in any other jurisdiction. Defendant is instead of sound mind and body with lifelong family, social and employment ties to Atlantic County. Defendant was and still is a police office in the City of Atlantic City, although suspended, and has no record whatsoever of ever violating a Court order or failing to appear when directed. Defendant has a year-long history of meticulous compliance with all terms and conditions of pretrial release.

Given the current facts and circumstances, both the nature and seriousness of danger to any person including M.C. or the community is simple nonexistent. Defendant is not alleged to have affirmatively sought out any violation of any release conditions. The entire matter is presented to the Court based upon accusations now withdrawn by M.C. that are wholly uncorroborated and specifically disavowed by M.C. Other than the now withdrawn civil complaint against M.C., there is no claim of danger to anyone.

Defendant respectfully submits that pretrial release be continued to §3148(b)(2)(B).

Respectfully submitted,

JACOBS & BARBONE, P.A.

Louis M. Barbone

LMB:lsg

# EXHIBIT A

## JACOBS & BARBONE, P.A.

| | A PROFESSIONAL CORPORATION | PATRICK C. JOYCE |
|---|---|---|
| EDWIN J. JACOBS, JR.<br>ejacobs@jacobsbarbone.law | ATTORNEYS AT LAW | pjoyce@jacobsbarbone.law |
| LOUIS M. BARBONE<br>lbarbone@jacobsbarbone.law | 1125 PACIFIC AVENUE<br>ATLANTIC CITY, NEW JERSEY 08401<br>PHONE: (609) 348-1125<br>FAX: (609) 348-3774<br>WEBSITE: WWW.JACOBSBARBONE.LAW | JOEL S. JUFFE<br>jjuffe@jacobsbarbone.law<br>PHYLLIS WIDMAN<br>pwidman@jacobsbarbone.law |

September 30, 2019

Via E-Mail: Jason.richardson@usdoj.gov
Jason M. Richardson, Esquire
Assistant United States Attorney
United States Attorney's Office
401 Market Street, P.O. Box 2098
Camden, NJ 08101

   RE: U.S.A. v. Sterling Wheaten
      Our File No. 16,042

Dear Mr. Richardson:

  This is to advise that on Saturday, September 28, 2019 my client was arrested by Margate City police following an alleged act of domestic violence. The charges of simple assault, terroristic threats and endangering the welfare of a child are contained on the attached copy of Warrant No. 2019-000090-0116. An initial appearance was conducted at the Atlantic County jail on September 28, 2019 and resulted in the defendant's release ROR with a condition of no contact Ms. Curran. The Court also set a pre-indictment conference for November 13, 2019 at 8:45 a.m. I have entered my appearance and requested the available discovery.

  The purpose of this letter is to apprise you of the fact of arrest, and to provide a copy of the charges. I have likewise forwarded a copy of this letter along with the warrant to Pre-Trial Services. I'm available should you require any further information.

           Very truly yours,

           JACOBS & BARBONE, P.A.

          Louis M. Barbone

LMB:lsg
Enclosure
cc: Ms. Nailah Green (w/encl., via email: nailah_green@njpt.uscourts.gov)
   Stacy Biancamano, Esq. (w/encl., via email: sbiancamano@biancamanolaw.com)