**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Crim. Action No. 18-608 (RMB) |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| STERLING WHEATEN | : | |
| | : | |

This matter comes before the Court upon several motions [Dkt. No. 22 and Dkt. No. 23]. On October 17, 2019, the Court heard oral argument. In relevant part, the Court reserved decision on Defendant's motion to dismiss the Indictment as a matter of law pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). For the reasons set forth herein, the motion is denied.

First, Defendant Sterling Wheaten contends that there is no evidence, based upon the Government's anticipated presentation of evidence, that the Government can prove beyond a reasonable doubt that Defendant Wheaten committed the crime with which he is charged, 18 U.S.C. § 242. To state it differently, Defendant contends that his challenge to the Indictment is "based upon . . . critical and material facts from the Government's evidence that are undisputed and which simply do not constitute a

1

violation of 18 U.S.C. (§ 242)". Def. Mem. at 16. Generally, Defendant contends that the facts, as set forth in the Indictment, ultimately result in conclusions and opinions of two Government expert witnesses that no crime, or even a deprivation of rights to support a civil cause of action was committed [Dkt. No. 22-1, at 19]. Defendant alleges that the Government's own expert witnesses will testify that Wheaten did not act willfully. The Government responds that Defendant's arguments are based on what the Defendant ultimately claims that the facts will show to the jury, as opposed to what the Indictment alleges. As set forth in United States v. James V. DeLaurentis, 230 F.3d 659 (3d Cir. 2000), the Indictment cannot be dismissed when the sufficiency of the Government's evidence is at issue. Id. at 660.

As the Third Circuit held in DeLaurentis, "[u]nless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." DeLaurentis, 230 F.3d at 660. "Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if the allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the sufficiency of the evidence to prove the indictment charges." Id. In the present case, the Indictment alleges, in relevant

part, that immediately before Wheaten arrived at the scene of the offense with his K-9 partner, Hagan, five other police officers were subduing the victim, Castellani, while he was on the ground. Count 1, at ¶ 6. During the struggle, "four officers . . . delivered knee strikes to [Castellani]'s shoulder and back, punches to [Castellani]'s back, and baton strikes to [Castellani]'s back and legs. Id. When Wheaten "arrived, [Castellani] was laying on his stomach with [an officer] kneeling on [Castellani]'s head/neck area and several [others] were pressing on [Castellani]'s back and legs." Count 1, at ¶ 8. Further, the Indictment alleges that "[w]ithout issuing a warning that he would deploy the dog, or allowing [Castellani] a chance to surrender," "Wheaten deployed/released K-9 [Hagan] who bit [Castellani] in the chest." Id. at 10. The Indictment further alleges that after "[Castellani] pushed K-9 Hagan off his chest and rolled to his side, K-9 Hagan re-engaged [Castellani] and bit him on the back of his neck." Count 1, at ¶ 11. Wheaten "did not immediately remove K-9 Hagan from the back of [Castellani]'s neck, but instead told K-9 Hagan to 'hold' on [Castellani]'s neck." Id. Clearly, these facts describe conduct within the scope of 18 U.S.C. § 242. The evidence outlined in the Indictment, and which the Government intends to present to the jury, would permit a rational jury to conclude that the Defendant committed a violation of Section 242. All of

the elements of the statute are set forth in Count 1: (1)  that the alleged victim, Castellani, was in a state in the United States; (2) that the Defendant deprived Castellani of a right secured and protected by the Constitution and laws of the United States [to be free from excessive force]; (3) that the Defendant acted under color of law when depriving the alleged victim of a constitutional right; (4) that the Defendant acted willfully to deprive Castellani of such rights; and (5) that Castellani suffered bodily harm as a result of Defendant Wheaten's acts. The Indictment contains each of these elements.  Defendant's attempt to argue the sufficiency of the evidence by contesting that Wheaten acted reasonably and appropriately given the policies and procedures in place and the undisputed evidence is not a basis to dismiss the Indictment under DeLaurentis.  The motion is therefore denied.

Second, Wheaten claims that he did not receive fair notice that his charged conduct violated the Fourth Amendment's prohibition against unreasonable seizure.  The Court disagrees. The law is well-settled that the use of excessive force is itself an unlawful seizure under the Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 394 (1989).  The Fourth Amendment establishes an objective test of reasonableness that applies to the totality of the circumstances.  Graham, 490 U.S. at 397 (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)).  To determine the

reasonableness of a seizure, the Court must ask whether the officer's conduct was "objectively reasonable" in light of the totality of the circumstances. <u>Graham</u>, 490 U.S. at 397. The objective reasonableness inquiry requires an examination of the facts and circumstances of each particular case. The Government argues here that the evidence will demonstrate, <u>inter</u> <u>alia</u>, that when Defendant Wheaten arrived at the scene and initially deployed the K-9, it was clearly established that he could not continue holding the dog on the victim for as long as he did. Moreover, the Government argues that once a victim such as Castellani was subdued, the failure of Wheaten to release the K-9's hold on Castellani constituted excessive force. The Court agrees. Clearly, if a person poses no threat or immediate harm to the officer and is subdued, Wheaten's decision to use the dog in the first instance can constitute excessive force. Moreover, Wheaten's failure to command the dog to release his bite when Castellani posed no threat also constitutes excessive force. The law was certainly clearly established at the time of the incident here that if a person no longer poses a threat to the officers and is not at risk of resisting arrest, the use of force is excessive. <u>See</u>, <u>e.g.</u>, <u>Giles v. Kearney</u>, 571 F.3d 318, 326 (3d Cir. 2009); <u>Hanks v. Rogers</u>, 853 F.3d 738, 747 (5th Cir. 2017); <u>Morrison v. Board of Trustees of Green Twp.</u>, 583 F.3d 394, 404 (6th Cir. 2009) Moreover, if someone posed a threat at

the time force was initiated on them, but then no longer poses a threat, the law was well-established that an officer cannot continue to apply serious force when the threat has subsided. There is no basis for this Court to conclude that Defendant Wheaten did not have fair notice that his conduct constituted excessive force in violation of the Fourth Amendment.

For the foregoing reasons,

IT IS ON THIS **21st** day of **October 2019**, hereby **ORDERED** the Defendant's Motion to Dismiss the Indictment [Docket No. 22] is **DENIED**; and for the reasons set forth in the record on October 17, 2019, Defendant's Motion to Compel Grand Jury Material [Docket no. 22] is **DENIED**; and Defendant's Pretrial Motions [Docket No. 23] are **DENIED**, in part, and **GRANTED**, in part.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE