Louis M. Barbone, Esquire (N.J. Attorney ID# 014891986)
JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
lbarbone@jacobsbarbone.law

Stacy Ann Biancamano, Esquire
Biancamano Law LLC
312 North Avenue East, Suite 7
Cranford, NJ 07016
sbiancamano@biancamanolaw.com
Attorneys for defendant Sterling Wheaten

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    Plaintiff

v.

STERLING WHEATEN,

    Defendant

Criminal No. 18-cr-608 (RMB)

DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO MODIFY AMENDED CONDITIONS OF RELEASE PURSUANT TO THE COURT'S ORDER OF OCTOBER 18, 2019

## RELEVANT PROCEDURAL HISTORY

On October 11, 2018 defendant first appeared before the Court on the return of the above-captioned indictment.  The Court ordered the defendant's release on his own recognizance upon an unsecured $50,000 cash bond.  The Court set additional conditions of release requiring surrender of the defendant's passport, barring defendant from obtaining a passport and restricting travel to the District of New Jersey and the Eastern District of Pennsylvania.  (Exhibit A, Order October 11, 2018).

On September 28, 2019 defendant was charged with simple assault, terroristic threats and endangering the welfare of a child in Margate City Municipal Court. (Exhibit B) and released on first appearance before the State Court on three (3) conditions: (1) no contact with the alleged victim Mary Curran; (2) order to appear pre-indictment conference November 13, 2019 in State Court; and (3) that a third party, namely defendant's mother be the individual to exchange custody of the minor child with Ms. Curran weekly.

On September 28, 2019 a Temporary Restraining Order was also issued against the defendant upon Ms. Curran's domestic violence complaint. (Exhibit C).

On October 10, 2019, the Temporary Restraining Order was withdrawn by Ms. Curran voluntarily with counsel and the TRO dismissed. (Exhibit D).

On November 13, 2019 defendant appeared for pre-indictment conference in the Superior Court, Criminal Division and was advised the State was considering dismissal of the matter.

On October 11, 2019, the government filed a motion seeking to revoke defendant's pre-trial release.

On October 18, 2019 the Court conducted a revocation hearing and then ordered defendants release upon amended conditions. (Exhibit E, Order October 18, 2019).

As to the State Court charges, defendant remains unindicted. Defendant appeared at a pre-indictment conference and the State indicated a willingness to review for the purpose of dismissal. Most recently defense counsel made inquiry to the County Prosecutor and additionally enclosed an email counsel received from the alleged victim

Ms. Curran, that expresses her desire for the State Court to dissolve the "No Contact Order" and to dismiss the charges.  (Exhibit F).

STATEMENT OF THE FACTS

Based upon the entry of a domestic violence complaint and the filing of criminal charges against the defendant, the Court conducted a revocation hearing on October 15, 2019.  The Court found probable cause that defendant had violated the law and therefore his conditions of release.   The Court also found that while the violation created a rebuttable presumption of detention, the defense had overcome that presumption.   The Court then found that there were conditions or a combination thereof to guarantee the safety of Ms. Curran in the community by imposition of the following:

1. Defendant's travel was restricted to the District of New Jersey;

2. Defendant was ordered not to ingest any alcohol;

3. Defendant was ordered to submit to random testing at the direction of Pre-Trial Services;

4. Defendant was ordered to home detention and restricted to his residence except for employment, education, religious services and other enumerated exceptions;

5. Defendant was ordered to wear an ankle bracelet for the purpose of GPS tracking and ordered to pay for it;

6. Defendant was ordered to participate in anger management therapy as directed by Pre-Trial Services, to execute releases for Pre-Trial review and to pay for the cost of the program;

7. Defendant was ordered to have no contact or communication with M.C. whatsoever; and

8. All conditions of release contained in the October 11, 2018 Order remained in full force and effect.

Following the Court's entry of Order on October 18, 2019 defendant has for the last five (5) months, meticulously complied with each and every condition. Defendant has remained in strict compliance with all directives of Pre-Trial Services both in person and telephonically. Defendant has been subjected to multiple random tests and all of them prove full compliance. Defendant enrolled in and studiously attended the adult anger management program directed by Pre-Trial Services through the Acenda Health Corporation from October to December of 2019. On December 23, 2019 defendant successfully completed the curriculum and was granted a certificate of completion. (Exhibit F).

Defendant has additionally complied with all home detention directives of Pre-Trial Services and has been maintained on GPS tracking for the last five (5) months. There have been no violations of any sort.

Defendant has continued to receive the assistance of his mother in being the third party responsible for the drop off and pick up of his son Colin with Ms. Curran two (2) times per week, meeting at a neutral location. Mrs. Wheaten and Ms. Curran have been routinely meeting in Bellmawr, New Jersey at Wawa immediately off of Route 42. In addition to Mrs. Wheaten serving as the third party for visitation and parenting time, Mrs. Wheaten has been the sole communicator with Ms. Curran with regard to the needs and concerns of the minor child.

Defendant now seeks relaxation of the Court's amended conditions, and specifically removal or modification of those conditions as follows:

1. Permission to reasonably ingest alcohol but not excessively;

2. Modification of the home detention condition by vacating the location restrictions in lieu of a curfew requiring the defendant to be within his

4

residence by 11:00 p.m. and permitting him to leave his residence by 6:00 a.m.;

3.      Vacating the condition of GPS tracking and removing the ankle bracelet.

The reason for the defendant's request is twofold: (1) to increase his income and permit employment in multiple jobs; and (2) to enable him to exercise his parental responsibilities in a way more closely resembling that which existed prior to October 2019.

As the defendant sets forth in his own Affidavit, he is currently employed full time with the Glenn Abrams Remodeling and Construction. At present defendant works as a laborer full time, namely five (5) days a week from 8:30 a.m. to 5:00 p.m. Defendant's current procedure with Pre-Trial Services requires that he provide forty-eight (48) hours' notice for his weekly schedule. While the defendant has meticulously complied, his ability to modify and adjust that schedule is usually unsuccessful. It is that same inability that has limited both the hours and days he could otherwise be working for the company. Specifically, Glenn Abrams and his workers routinely work past 5:00 p.m. at locations which change weekly or bi-weekly. The company and its employees also work on Saturday. And while the defendant has worked a couple of Saturdays, the current limitations are the reason that he has not been permitted to work every Saturday. Defendant has no particular expertise in construction or remodeling. He essentially serves as a laborer, or gofer-type position where he does what he's told. The nature of the remodeling and construction business is that jobs are performed usually at residential locations and require at least one (1) of the employees to leave the job site to pick up supplies whether it be at Home Depot, a tile manufacturer, a plumbing supplier, etc. Defendant's most useful position would be one where he would be permitted to leave the

job site and act as a courier and gofer for each construction project. Given the current strictures, he's not permitted to do that. In essence, relieving the defendant of the current home detention and GPS tracking restrictions would allow him to expand his role and permit him to obtain additional hours of work both during the week and on the weekends.

In addition to Glenn Abrams Remodeling and Construction, defendant has lost additional opportunities from at least three (3) other similar type contractors. Once he was suspended from the Police Department, defendant reached out to all of those formerly in the Department and now running their own businesses. Prior to the Court's amended conditions in October of 2019, defendant worked full time and took last minute jobs from other contractors when employees were out sick, on vacation, or when additional help was needed. One example is a roofer that called the defendant at 7:00 o'clock at night asking him to come in the following morning. It is not possible for the defendant to get instant approval. He has been required to reject a number of similar opportunities.

Defendant also retains custody of his four-year old son Colin four (4) to five (5) days per week by agreement with M.C. Defendant drives Colin to pre-school every morning at 8:45 a.m. and then goes to work immediately thereafter. Prior to the October 2019 Order, defendant was taking Colin to soccer practice and swim practice at recreational leagues for preschoolers. That type of activity is not permitted under the current Order of the Court. Beyond that, defendant currently relies upon his mother as the third party responsible for pick up and drop off of Colin with M.C. He also relies on his mother for all of the necessities required in raising a child. At present his mom goes

to the store for food, clothes and every other out-of-home requirement involving Colin. Defendant likewise used to take him to the park or the gym for basketball, volleyball, etc.

In addition to all of the above, defendant was previously a swimming instructor for the Plymouth Landing Swim School.  The swim school operates out of Egg Harbor Township and provides swimming instruction for children throughout the County at multiple different pools.  Prior to the Court's Order of October 2019, the defendant had from August through October been a swim coach for between two (2) to three (3) days per week conducting classes that went from 3:30 p.m. to 5:00 p.m.  Defendant would be paid $50.00 per session.  He still has that opportunity but can't participate.  As an instructor, defendant is required to be in the pool.  The current ankle bracelet cannot be submerged in water.

As a result of the defendant's suspension from the Police Department, his income has been reduced substantially.  Nonetheless he maintains the same household bills in addition to mounting legal expenses.  The defendant seeks the ability to work as much as possible for those reasons.  Defendant has also demonstrated complete compliance with the Court's amended conditions, has completed anger management, and has been duly impressed with the strictures of home confinement.

Defendant respectfully requests the Court's consideration in modifying the conditions as set forth above.

JACOBS & BARBONE, P.A.


/s/ Louis M. Barbone_____

Dated:  4/2/20

# EXHIBIT A

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                                    Page 1 of ___3___ Pages

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Sterling Wheaten | ) | Case No.  18-cr-608(RMB) |
| | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                                                                        *Place*

_____

on _____
                                                                                                 *Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

Case 1:18-cr-00608-RMB   Document 9   Filed 10/11/18   Page 2 of 3 PageID: 19

AO 199B  (Rev. 12/11)  Additional Conditions of Release                                                                Page  2  of  3  Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(  ) (6)  The defendant is placed in the custody of:
Person or organization _____
Address (only if above is an organization) _____
City and state _____  Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
                          Custodian                                                    Date

(X) (7)  The defendant must:
( X ) (a)  submit to supervision by and report for supervision to the  U.S. Pretrial Services office as directed
telephone number _____ , no later than _____ .
(  ) (b)  continue or actively seek employment.
(  ) (c)  continue or start an education program.
( X ) (d)  surrender any passport to:  U.S. Pretrial Services  (and travel documents) by October 12, 2018
( X ) (e)  not obtain a passport or other international travel document.  (and travel documents)
( X ) (f)  abide by the following restrictions on personal association, residence, or travel:  restricted to E.D. Pa. and New Jersey unless otherwise approved by U.S. Pretrial Services
( X ) (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
(  ) (h)  get medical or psychiatric treatment:  & mental health testing & treatment as deemed necessary by Pretrial Services.
(  ) (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
(  ) (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( X ) (k)  not possess a firearm, destructive device, or other weapon.
(  ) (l)  not use alcohol (  ) at all (  ) excessively.
(  ) (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(  ) (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
(  ) (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(  ) (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
        (  ) (i)  Curfew. You are restricted to your residence every day (  ) from _____ to _____ , or (  ) as directed by the pretrial services office or supervising officer; or
        (  ) (ii)  Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
        (  ) (iii)  Home Incarceration. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
(  ) (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
        (  ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
( X ) (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
( X ) (s)  Execute unsecured appearance Bond in the Amount of Fifty thousand dollars ($50,000.00)

AO 199C (Rev. 09/08) Advice of Penalties                                         Page ___3___ of ___3___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
Margate, NJ
*City and State*

### Directions to the United States Marshal

( X )  The defendant is ORDERED released after processing.

(    )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____10/11/2018_____

_____
*Judicial Officer's Signature*

Honorable Joel Schneider, U.S.M.J.
*Printed name and title*

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

# EXHIBIT B

# COMPLAINT

| COMPLAINT NUMBER | | |
|---|---|---|
| **0116** | **2019** | **000090** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

## THE STATE OF NEW JERSEY
### VS.
### STERLING J WHEATEN

MARGATE MUNICIPAL COURT
9001 WINCHESTER AVE
MARGATE            NJ  08402-0000
609-822-1998      COUNTY OF: ATLANTIC

ADDRESS :

MARGATE            NJ  08402-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 3 | | 19-14860 |

COMPLAINANT
NAME:   JAKE   RANDO

**DEFENDANT INFORMATION**
SEX: M  EYE COLOR: BROWN        DOB:
DRIVER'S LIC. #:                           DL STATE: NJ
SOCIAL SECURITY #: xxx-xx-x179    SBI #:
TELEPHONE #:                    ( )
LIVESCAN PCN #:  011601001859

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 09/28/2019 in     MARGATE CITY          ,   ATLANTIC   County, NJ did:

WITHIN THE JURISDICTION OF THIS COURT, COMMIT ASSAULT BY PURPOSELY, KNOWINGLY OR RECKLESSLY CAUSING BODILY INJURY TO MARY CURRAN, SPECIFICALLY BY HEADBUTTING HER AND GRABBING HER AROUND THE HEAD AND BACK OF THE NECK WHILE SHAKING HER. CURRAN COMPLAINED OF PAIN IN THE BACK OF HER NECK. CURRAN WAS ALSO DRAGGED WHICH CAUSED A BRUISE TO HER THIGH. AN EXISTING INJURY ON HER RIGHT KNEE WAS RE-INJURED DURING THE ALTERCATION CAUSING BLEEDING.

WITHIN THE JURISDICTION OF THIS COURT, DID KNOWINGLY TERRORIZE MARY CURRAN OR IN RECKLESS DISREGARD OF THE RISK OF CAUSING SUCH TERROR, SPECIFICALLY BY HOLDING HIS HAND OVER HIS MOUTH AND THREATENED TO MAKE HER STOP BREATHING AND SCREAMING.

WITHIN THE JURISDICTION OF THIS COURT, HAVING A LEGAL DUTY TO CARE FOR THREE YEAR OLD C.W., DID PERFORM ANY INDECENT, IMMORAL OR UNLAWFUL ACT OR DEED, IN THE PRESENCE OF THAT CHILD, THAT MAY TEND TO DEBAUCH OR ENDANGER OR DEGRADE THE

in violation of:

| Original Charge | 1) 2C:12-1A(1) | 2) 2C:12-3A | 3) 2C:24-4A(2) |
|---|---|---|---|
| Amended Charge | | | |

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

Signed: _____ JAKE   RANDO _____                Date: 09/28/2019

You will be notified of your Central First Appearance/CJP date to be held at the Superior Court       in the county of ATLANTIC
at the following address:  ATLANTIC SUPERIOR COURT
4997 UNAMI BLVD                                         MAYS LANDING       NJ 08330-0000
Date of Arrest: 09/28/2019   Appearance Date:          Time:        Phone: 609-625-7000

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐  Probable cause **IS NOT** found for the issuance of this complaint.

_____        _____
Signature of Court Administrator or Deputy Court Administrator     Date                    Signature of Judge                    Date

☐  Probable cause **IS** found for the issuance of this complaint. _____
Signature and Title of Judicial Officer Issuing Warrant      Date
TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set: _____  by: _____
(if different from judicial officer that issued warrant)

| ☑ **Domestic Violence – Confidential** | ☐ **Related Traffic Tickets or Other Complaints** | ☑ **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐  **No phone, mail or other personal contact w/victim**
☐  **No possession firearms/weapons**
☐  **Other (specify):**

## DEFENDANT'S COPY

Page 5 of 1

NJ/CDR2 8/1/2005

# COMPLAINT

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| 0116 | | 2019 | 000090 | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | STERLING J WHEATEN |

MORALS OF THE CHILD. SPECIFICALLY BY ENGAGING IN A DOMESTIC VIOLENCE
ALTERCATION.

| Original Charge | | | | |
|---|---|---|---|---|
| Amended Charge | | | | |
| | | | | DEFENDANT'S COPY |

NJ/COR2 1/1/2017

# EXHIBIT C

| New Jersey Domestic Violence Civil Complaint and Temporary Restraining Order | | Page 1 of 5 |
|---|---|---|
| ☐ TRO   ☑ Amended TRO | | N.J.S.A. 2C:25-17 et seq. |

☑ Superior Court, Chancery Division, Family Part,   ATLANTIC   County   ☐ Municipal Court of

| Docket Number **FV-01-000453-20** | Police Case Number |
|---|---|

| In the Matter of Plaintiff (Victim) **CURRAN MARY C** | Plaintiff's Sex ☐ Male ☑ Female | Plaintiff's Date of Birth ▓▓▓1985 |
|---|---|---|

| **Defendant Information** | Last Name **WHEATEN** | First Name **STERLING** | Initial **J** | Defendant's Sex ☑ Male ☐ Female | Race **CAUCASIAN** |
|---|---|---|---|---|---|

| AKA | | Defendant's Social Security Number | Date of Birth ▓▓▓1983 | Height 6  00 | Weight 210 |
|---|---|---|---|---|---|

| Home Address ▓▓▓▓▓▓▓ | City **MARGATE CITY** | State **NJ** | Zip **08402** | Eye Color **BLUE** | Hair Color **BROWN** |
|---|---|---|---|---|---|

| Home Phone Number ▓▓▓▓ | Work Phone Number | Distinguishing Features (Scars, Facial Hair, Etc.) **TATTOOS LFT SHLDR/ARM/LEGS;2010** |
|---|---|---|

| Employer **ATLANTIC CITY POLICE DEPT** | **CADILLAC DTS** |
|---|---|

| Work Address **2711 ATLANTIC AVE , ATLANTIC CITY, NJ, 08401** | Driver's License Number |
|---|---|
| | State | Driver's License Expiration Date |

The undersigned complains that said defendant did endanger plaintiff's life, health or well being (give specific facts regarding acts or threats of abuse and the date(s) and time(s) they occurred; specify any weapons):

| ON (Date) | AT (Time) | BY (Details; specify any weapons) |
|---|---|---|
| 09/27/2019 | 11:00 PM | PLAINTIFF STATES SHE HAD ADVISED SHE WAS BRINGING THEIR CHILD TO NJ FRIDAY NIGHT SO HE COULD ATTEND SOCCER SATURDAY MORNING. DEFENDANT HAD BEEN DRINKING PRIOR TO PLAINTIFF'S ARRIVAL BUT PLAINTIFF HAD NOT REALIZED IT UNTIL SHE WAS IN THE HOME. DEFENDANT WAS VERY ANGRY (PLAINTIFF EXPLAINS DEFENDANT HAS BEEN UNDER A LOT OF STRESS). DEF PROCEEDED TO ACCUSE PLAINTIFF OF HAVING A MEDICAL PROCEDURE AND QUATIONED HER ABOUT LYING TO HIM. DEFENDANT ALSO TOLD PLAINTIFF SHE COULDN'T LEAVE AND TOLD PLAINTIFF SHE WASN'T GOING ANYWHERE. PLAINTIFF THEN STATED SHE TRIED TO LEAVE AND THE DEFENDANT WOULD LOCK THE DOOR PREVENTING HER FROM LEAVING. DEFENDANT GOT ANGRY AGAIN AND GRABBED PLAINTIFF BY THE NECK AND STARTED SHAKING HER AND HEAD-BUTTED HER. THIS INCIDENT WAS WITNESSED BY THE PARTIES' SON. PLAINTIFF STATES THAT THE DEFENDANT GETS INTO FITS OF RAGE THAT SHE DOESN'T RECOGNIZE WHO HE IS AT THE MOMENT. PLAINTIFF REALIZED THAT THE DEFENDANT KNOWS HOW TO USE HIS BODY AND IS VERY STRONG. PLAINTIFF BEGGED DEFENDANT TO LET HER LEAVE. AT THAT POINT PLAINTIFF THOUGHT ABOUT LEAVING AGAIN AND REACHED FOR HER PHONE IN HER BAG. SHE PRESSED THE SIDE BUTTON ON HER CELL PHONE REPEATEDLY WHICH ALERTS AUTHORITIES. PLAINTIFF STATES THEY CALLED HER PHONE BUT SHE DIDN'T ANSWER AND THEN SHE TURNED OFF HER PHONE. AUTHORITIES WERE TRYING TO TRACE HER PHONE. DEFENDANT THEN PANICKED AND TURNED OFF ALL THE LIGHTS IN THE HOUSE. PLAINTIFF AND CHILD WERE VERY SCARED. PLAINTIFF BEGGED DEFENDANT TO LET HER LEAVE. ONCE AGAIN PLAINTIFF WENT TO THE DOOR AND GRABBED HER BAG BUT THE DEFENDANT BLOCKED HER WAY. DEFENDANT ACCUSED PLAINTIFF OF DATING OTHER PEOPLE. PLAINTIFF FURTHER REPORTED THAT WHEN SHE TRIED TO LEAVE THE FIRST TIME THE DEFENCANT DRAGGED THAT ACROSS THE ROOM, CAUSING A PRIOR INJURY SHE HAD ON HER KNEE TO START BLEEDING. DEFENDANT TOLD PLAINTIFF THEY WERE GOING UPSTAIRS AND THAT THEY WOULD DISCUSS THINGS IN THE MORNING. PARTIES WENT UPSTAIRS. PLAINTIFF REPORTS BEING VERY SCARED OF WHAT DEFENDANT MAY DO. DEFENDANT STOPPED HER FROM LEAVING AGAIN AND GRABBED HER AGAIN. THE DEFENDANT PLACED HIS HAND OVER PLAINTIFF'S FACE BECAUSE SHE WAS SCREAMING AND SHE COULDN'T BREATHE. DEFENDANT TOLD PLAINTIFF "I WILL DRAG YOU INTO THE BAWLS OF THE HOUSE WHERE NO ONE WILL HEAR YOU AND I WILL TAKE YOUR BREATH. DEFENDANT KEPT TELLING PLAINTIFF "YOU NEED TO BE QUIET". PLAINTIFF STATED DEFENDANT PUT HER IN A HOLD AND PRESSED HIS FIST INTO HER SIDE WHICH CAUSED HER A LOT OF PAIN. PLAINTIFF BEGGED DEFENDANT TO LET HER LEAVE. DEFENDANT THEN LOOKED OUT THE WINDOW AND SAW A POLICE CAR DRIVE BY. HE TURNED ON THE BEDROOM LIGHT. DEFENDANT PICKED UP THE PARTIES' SON TO GO DOWNSTAIRS AND THAT'S WHEN PLAINTIFF RAN OUT THE DOOR AND WAS MET BY FOUR MARGATE POLICE OFFICERS. THE DEFENDANT WAS ARRESTED AND PROCESSED THAT NIGHT. PLAINTIFF DROVE BACK TO PA WITH THEIR SON AND IN THE MORNING SHE WENT TO THE EMERGENCY ROOM BACK IN BUCKS COUNTY PA. |
| 09/20/2019 | 11:30 PM | PLAINTIFF STATES SHE BROUGHT THE CHILD TO NJ. PARTIES WERE TRYING TO WORK THINGS OUT AMICABLY. THE PARTIES HAD DINNER AND WERE DRINKING. THE DEFENDANT GOT UPSET WITH PLAINTIFF BECAUSE HE FELT THEY DIDN'T HAVE A COMMON VISION ABOT MARRIAGE/RELATIONSHIP. THE DEFENDANT WENT IN THE HOUSE AND HAD A TOTAL MELTDOWN. DEFENDANT WOULDN'T LET PLAINTIFF LEAVE. DEFENDANT PUSHED PLAINTIFF INTO THE BED AND GOT PHYSICAL AND STARTED DEGRADING HER. PLAINTIFF TRIED TO HUG DEFENDANT TO TRY TO CALM HIM DOWN.<br><br>PLAINTIFF STATED THAT THE FREQUENCY OF THE EVENTS IS VERY CONCERNING TO HER. |

which constitute(s) the following criminal offenses(s): (Check all applicable boxes. Law Enforcement Officer: Attach N.J.S.P. UCR DV1 offense report(s)):

| ☐ Homicide | ☐ Terroristic Threats | ☐ Criminal Restraint | ☐ Sexual Assault | ☐ Lewdness | ☐ Burglary | ☐ Harassment |
|---|---|---|---|---|---|---|
| ☑ Assault | ☐ Kidnapping | ☑ False Imprisonment | ☐ Criminal Sexual Contact | ☐ Criminal Mischief | ☐ Criminal Trespass | ☐ Stalking |
| ☐ Criminal Coercion | ☐ Robbery | ☐ Contempt of a DV Order | ☐ Any Other Crime Involving Risk of Death or Serious Bodily Injury | | | ☐ Cyber Harassment |

1. Any prior history of domestic violence reported or unreported? If Yes, explain:   ☑ Yes   ☐ No
PLAINTIFF REPORTS THAT THE DEFENDANT WOULD SAY AWEFUL THINGS TO HER IN THE PAST. DEFENDANT WOULD GET REALLY ANGRY AND MAKE DEGRADING COMMENTS TO PLAINTIFF AND SAY THINGS ABOUT HER FAMILY. PLAINTIFF REPORTS THE DEFENDANT HAD GOTTEN PHYSICAL WITH HER IN THE PAST.
WHEN THE CHILD WAS A COUPLE WEEKS OLD THE DEFENDANT PUSHED PLAINTIFF INTO A BED. THE DEFENDANT HAD BEEN DRINKING. ANOTHER INCIDENT WHERE THE DEFENDANT GOT MAD AT PLAINTIFF AND PUSHED HER DOWN ONTO THE BED AND PULLED HER HAIR. THE DEFENDANT PLACED HIS HAND

New Jersey Domestic Violence Court Order                                    Revised: 7/2019, CN: 10010 (DVTRO)

**Domestic Violence Civil Complaint and Temporary Restraining Order**                    Page 2 of 5

| Docket Number | Defendant's Name |
|---|---|
| **FV-01-000453-20** | **STERLING J WHEATEN** |

OVER HER MOUTH. PLAINTIFF HAD TO RUN TO A NEIGHBOR'S HOUSE WHO WAS ALSO A POLICE OFFICER. SHE SPEND THE NIGHT AT THE NEIGHBOR'S HOUSE. THIS INCIDENT WAS NOT REPORTED TO POLICE.
NUMEROUS PRIOR TEMPER OUTBURSTS

2. Does Defendant have a criminal history? (If Yes, submit any available criminal history report)   ☑ Yes   ☐ No

3. Any prior or pending court proceedings involving parties? (If Yes, enter docket number, court, county, state)   ☑ Yes   ☐ No
PENDING BUCKS COUNTY, PA

4. Has a criminal complaint been filed in this matter? (If Yes, enter date, docket number, court, county, state)   ☑ Yes   ☐ No
MARGATE CITY POLICE DEPARTMENT

5. If Law Enforcement Officers responded to a domestic violence call:
Were weapons seized?  If Yes, describe:   ☑ Yes   ☐ No     Was Defendant arrested? If Yes, describe:   ☑ Yes   ☐ No
SERVICE WEAPON                                                          MARGATE CITY

6. (A) The Plaintiff and Defendant are 18 years old or older or emancipated and are: (select one)
☐ Married / Civil Union      ☐ Divorced      ☐ Present Household Member      ☐ Was at Any Time a Household Member  **OR**
(B) The Defendant is 18 years old or older or emancipated and Plaintiff and Defendant are: (select one)
☐ Unmarried   ☑ Co-Parents   ☐ Expectant Parents   ☐ Plaintiff and Defendant have had a dating relationship

7. Where appropriate list children you have with the Defendant, if any (include name, sex, date of birth, person with whom child resides)

| Child's Name Last | First | M.I. | Sex | Birth Date | Resides |
|---|---|---|---|---|---|
| WHEATEN | COLIN | S | M | ~~●●●●●●●●●●~~ | BOTH PARENTS |

8. The Plaintiff and Defendant:   ☐ Presently;   ☑ Previously;   ☐ Never: Resided Together
☑ Family Relationship: What is your relationship to the defendant?   EX-SPOUSE/PARTNER   (Specify)

## Certification

I certify that the foregoing responses made by me are true. I am aware that if any of the foregoing responses made by me are willfully false, I am subject to punishment.

| 10/02/2019 | MARY C CURRAN |
|---|---|
| Date | Signature of Plaintiff |

**NOTICE TO DEFENDANT:** A violation of any of the provisions listed in this order may constitute either civil or criminal contempt pursuant to *N.J.S.A.* 2C:25-30 and may result in your arrest, prosecution, and possible incarceration, as well as an imposition of a fine or jail sentence. **Only a court can modify any of the terms or conditions of this court order.**

**Domestic Violence Civil Complaint and Temporary Restraining Order**   Page 3 of 5

| Docket Number | Defendant's Name |
|---|---|
| FV-01-000453-20 | STERLING J WHEATEN |

**Part 1 - RELIEF - Instructions: Relief sought by Plaintiff**

### DEFENDANT:

| | TRO | FRO | TRO Granted | |
|---|---|---|---|---|
| 1. | ☑ | :N/A | ☑ | You are prohibited from returning to the scene of violence. |
| 2. | ☑ | ☑ | ☑ | You are prohibited from future acts of domestic violence. |
| 3. | ☑ | ☑ | ☑ | You are barred from the following locations: ☑ Residence(s) of Plaintiff ☑ Place(s) of employment of Plaintiff |
| | | | ☐ | Other (Only list addresses known to Defendant): |
| 4. | ☑ | ☑ | ☑ | You are prohibited from having **any** oral, written, personal, electronic, or other form of contact or communication with Plaintiff. |
| | ☑ | ☑ | ☑ | Other(s): GRACE BURNS DOB: 6/01/2010 |
| 5. | ☑ | ☑ | ☑ | You are prohibited from making or causing anyone else to make harassing communications to: Plaintiff |
| | ☑ | ☑ | ☑ | Other(s) - Same as item 4 above or list names: GRACE BURNS DOB: 6/01/2010 |
| 6. | ☑ | ☑ | ☑ | You are prohibited from stalking, following or threatening to harm, stalk or follow: Plaintiff |
| | ☑ | ☑ | ☑ | Other(s) - Same as item 4 above or list names: GRACE BURNS DOB: 6/01/2010 |
| 7. | ☐ | ☐ | | You must pay emergent monetary relief to (describe amount and method): |
| | ☐ | ☐ | ☐ | Plaintiff: |
| | ☐ | ☐ | ☐ | Dependent(s): |
| 8. | ☐ | ☐ | | You must be subject to intake monitoring of conditions and restraints: |
| | ☐ | ☐ | ☐ | Other (evaluations or treatment - describe): |
| 9. | ☐ | ☐ | ☐ | Psychiatric evaluation: |
| 10. | ☑ | ☑ | ☑ | **Prohibition Against Possession of Weapons:** You are prohibited from possessing **any and all firearms or other weapons** and must immediately surrender these firearms, weapons, permit(s) to carry, application(s) to purchase firearms and firearms purchaser ID card to the officer serving this Court Order. Failure to do so may result in your arrest and incarceration. ANY AND ALL |

### PLAINTIFF:

| | | | | |
|---|---|---|---|---|
| 11. | ☐ | ☐ | ☐ | You are granted exclusive possession of (list residence or alternate housing only if specifically known to defendant): |
| 12. | ☐ | ☐ | ☐ | You are granted temporary custody of: |
| 13. | ☐ | ☐ | ☐ | Other relief for - Plaintiff: |
| | ☐ | ☐ | ☐ | Other relief for - Children: |

### LAW ENFORCEMENT OFFICER:

You are to accompany to scene, residence, shared place of business, other (indicate address, time, duration and purpose):

| | | | | |
|---|---|---|---|---|
| | ☐ | ☐ | ☐ | Plaintiff: |
| | ☐ | ☐ | ☐ | Defendant: |

**NOTICE TO DEFENDANT:** A violation of any of the provisions listed in this order may constitute either civil or criminal contempt pursuant to *N.J.S.A.* 2C:25-30 and may result in your arrest, prosecution, and possible incarceration, as well as an imposition of a fine or jail sentence. Only a court *can* modify any of the terms or conditions of this court order.

Domestic Violence Civil Complaint and Temporary Restraining Order
Page 4 of 5

| Docket Number | Defendant's Name |
|---|---|
| FV-01-000453-20 | STERLING J WHEATEN |

## Warrant to Search for and to Seize Weapons for Safekeeping

☐ **To any law enforcement officer having jurisdiction** - this Order shall serve as a warrant to search for and to seize any issued permit to carry a firearm, application to purchase a firearm and firearms purchaser identification card issued to the defendant and the following firearm(s) or other weapon(s).Describe the weapons to be seized:

1. **You are hereby commanded** to search for the above described weapons and/or permits to carry a firearm, application to purchase a firearm and firearms purchaser identification card and to serve a copy of this Order upon the person at the premises or location described as:

2. **You are hereby ordered** in the event you seize any of the above described weapons, to give a receipt for the property so seized to the person from whom they were taken or in whose possession they were found, or in the absence of such person to have a copy of this Order together with such receipt in or upon the said structure from which the property was taken.

3. **You are authorized** to execute this Order immediately or as soon thereafter as is practicable:
   ☐ Anytime   ☐ Other:

4. **You are further ordered,** after the execution of this Order, to promptly provide the Court with a written inventory of the property seized per this Order.

## Part 2 - RELIEF - DEFENDANT:

| TRO | FRO | TRO Granted | |
|---|---|---|---|
| 1. ☐ | ☐ | ☐ | No parenting time / visitation until further ordered; |
| ☐ | ☐ | ☐ | Parenting time / visitation pursuant to _____ suspended until further order: |
| ☑ | ☑ | ☐ | Parenting time / visitation permitted as follows: DEF'S MOTHER TINA WHEATEN TO SIGHT/SOUND SUPERVISE ALL CONTACT BETWEEN DEFENDANT AND CHILD AND TO ACT AS INTERMEDIARY BETWEEN THE PARTIES |
| 2. ☐ | ☐ | ☐ | Risk assessment ordered (specify by whom, any requirements, dates): |

3. ☐ ☐   You must provide compensation as follows:

| | | | |
|---|---|---|---|
| ☐ | ☐ | ☐ | Emergent support for Plaintiff: |
| ☐ | ☐ | ☐ | for Dependent(s): |
| N/A | ☐ | ☐ | Ongoing support for Plaintiff: |
| N/A | ☐ | ☐ | for Dependent(s): |
| ☐ | ☐ | ☐ | Compensatory damages to Plaintiff: |
| N/A | ☐ | ☐ | Punitive damages to Plaintiff: |
| N/A | ☐ | ☐ | to Third Party(ies) (describe): |
| ☐ | ☐ | ☐ | Medical coverage for Plaintiff: |
| ☐ | ☐ | ☐ | for Dependent(s): |
| ☐ | ☐ | ☐ Rent | ☐ Mortgage payments (specify amount(s) and recipient(s)): |

☐ ☐ ☐   You must participate in a batterers intervention program:

☐ ☐ ☐   You are granted temporary possession of the following personal property (describe):

## Part 2 - RELIEF - PLAINTIFF:

☐ ☐ ☐   You are granted temporary possession of the following personal property (describe):

**Comments:**

---

**NOTICE TO DEFENDANT:** A violation of any of the provisions listed in this order may constitute either civil or criminal contempt pursuant to N.J.S.A. 2C:25-30 and may result in your arrest, prosecution, and possible incarceration, as well as an imposition of a fine or jail sentence. **Only a court _can_ modify any of the terms or conditions of this court order.**

New Jersey Domestic Violence Court Order                                    Revised: 7/2019, CN: 10010 (DVTRO)

**Domestic Violence Civil Complaint and Temporary Restraining Order**                    Page 5 of 5

| Docket Number | Defendant's Name |
|---|---|
| FV-01-000453-20 | STERLING J WHEATEN |

**Addendum:**

☐ TRO denied. Complaint dismissed by Family Part.

☐ TRO denied by Municipal Court.

☐ TRO denied by Superior Court Judge at De Novo Hearing.

☐ TRO granted by Superior Court Judge at De Novo Hearing. The Court has established jurisdiction over the subject matter and the parties pursuant to N.J.S.A. 2C:25-17 et seq., and has found good cause that a prima facie act of domestic violence has been established; that an immediate danger of domestic violence exists and that plaintiff's life, health and well being are endangered; that an emergency restraining Order is necessary pursuant to R. 5:7A(b) and N.J.S.A. 2C:25-28 to prevent the occurrence or recurrence of domestic violence and to search for and seize firearms and other weapons as indicated in this order.

☑ TRO granted. The Court has established jurisdiction over the subject matter and the parties pursuant to N.J.S.A. 2C:25-17 et seq., and has found good cause that a prima facie act of domestic violence has been established; that an immediate danger of domestic violence exists and that plaintiff's life, health and well being are endangered; that an emergency restraining Order is necessary pursuant to R. 5:7A(b) and N.J.S.A. 2C:25-28 to prevent the occurrence or recurrence of domestic violence and to search for and seize firearms and other weapons as indicated in this order.

| Date/Time | ☐ Via Telecommunications | s/ | | |
|---|---|---|---|---|
| | | Hearing Officer | | |
| Date/Time | ☐ Via Telecommunications | s/ | | |
| | | Honorable Municipal Court Judge | | Court / County |
| 10/03/2019  11:24 AM | | s/ WILLIAM MILLER | | ATLANTIC |
| Date/Time | ☐ Via Telecommunications | Honorable Superior Court Judge | | Court / County |

## All Law Enforcement Officers Will Serve and Fully Enforce This Order

This *ex parte* Domestic Violence Complaint and Temporary Restraining Order meets the criteria of the federal Violence Against Women Act for enforcement outside of the State of New Jersey upon verification of service of defendant. 18 U.S.C.A. 2265 & 2266

### This Order Shall Remain in Effect Until Further Order of the Court and Service of Said Order on the Defendant.

## Notice to Appear to Plaintiff and Defendant

1. ☑ Both the plaintiff and defendant are ordered to appear for a final hearing on (date) ___10/10/2019___ at (time) __08:30 AM__ at the Superior Court.

    Chancery Division, Family Part, ___ATLANTIC___ County, located at (address)

    1201 BACHARACH BLVD., ATLANTIC CITY, NJ 08401, 609-345-6700

    **Note:** You must bring financial information including pay stubs, insurance information, bills and mortgage receipts with you to Court.

2. ☐ The final hearing in this matter shall not be scheduled until: ___

3. ☐ Interpreter needed. Language: ___

    Upon satisfaction of the above-noted conditions notify the Court immediately so that a final hearing date may be set.

    **IMPORTANT:** The parties cannot themselves change the terms of this Order on their own. This Order may only be changed or dismissed by the Superior Court. The named defendant cannot have any contact with the plaintiff without permission of the Court.

## Notice to Defendant

A violation of any of the provisions listed in this Order or a failure to comply with the directive to surrender all weapons, firearm permits, applications or identification cards may constitute criminal contempt pursuant to N.J.S.A. 2C:29-9(b), and may also constitute violations of other state and federal laws which may result in your arrest and/or criminal prosecution. This may result in a jail sentence.

You have the right to immediately file an appeal of this temporary Order before the Superior Court, Chancery Division, Family Part, as indicated above and a hearing may be scheduled.

## Return of Service

☐ Plaintiff was given a copy of the Complaint / TRO by:

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|

☐ I hereby certify that I served the within Complaint / TRO by delivering a copy to the Defendant personally:

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|
| SGT. S. SWIFT #269 | 3:10 PM, 10/3/19 | SGT. Swift #269  264  MCPD |

☑ I hereby certify that I served the within Complaint / TRO by use of substituted service as follows:

PLA TO BE NOTIFIED OF AMENDED TRO BY PHONE AND THIS ORDER TO BE SENT OUT FOR SERVICE WITH ATLANTIC COUNTY SHERRIFF.

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|
| PAULINO IHARA | 11:24 AM   10/03/2019 | ATLANTIC COUNTY FAMILY COURT |

☐ Defendant could not be served (explain):

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|

The Courthouse is accessible to those with disabilities. Please notify the Court if you require assistance.

Distribution:  Family Part,   Plaintiff,   Defendant,   Sheriff,   Other

New Jersey Domestic Violence Court Order                    Revised: 7/2018 CN: 10010 (DVTRO)

# EXHIBIT D

|  | Superior Court of New Jersey |
|---|---|
| MARY   C CURRAN | Chancery Division - Family Part |
| Plaintiff, | ATLANTIC County |
|  | Docket Number: FV-01-000453-20 |
| Vs. | |
| STERLING  J WHEATEN | **Order of Dismissal** |
| Defendant. | Temporary Restraining Order |

**THE COURT** having considered the testimony and/or certification at this hearing and the Court having determined that:

1.  The Plaintiff having requested dismissal of the matter; and
    - ☑ Having read "What Dissolving a Restraining Order Means"
    - ☑ Having read and signed "Certification for Dissolution of Restraining Order"
    - ☑ Having not been coerced or placed under duress to withdraw the complaint and dissolve the Order;
    - ☑ Having been advised of the cycle of domestic violence, and of the protective resources available through the Court and the local domestic violence program(s), especially with regard to housing and Court-ordered emergency custody and support;
    - ☑ Understanding that withdrawal of the complaint and dismissal of the Restraining Order will **eliminate** the protection that had been issued under this Order;
    - ☑ Being aware that such withdrawals **are not prejudicial** and if (s)he may need protection in the future, (s)he may apply for a new restraining order;
    - ☑ Understanding that if criminal charges were filed by me or the police, dismissal of the restraining order does not dismiss the criminal charges.

2.  The Plaintiff failing to appear for Final Hearing; and
    - ☐ The Court having been unable to contact the plaintiff via telephone numbers/address given; OR
    - ☐ The Court having determined that plaintiff was contacted and that coercion or duress did not cause the plaintiff's non-appearance; OR

3.  ☐ The Court having determined that the plaintiff's allegation of domestic violence has not been substantiated.

4.  ☐ The Municipal Court having denied the TRO application.

5.  ☐ The Court having determined on appeal of the Temporary Restraining Order that the required burden of proof has not been met.

6.  ☐ The Court having heard the Defendant's request for dismissal of the Final Restraining Order.

7.  ☐ The Appellate Court entered a decision on _____ stating that the Final Restraining order dated _____ be vacated and case is Dismissed.

**IT IS HEREBY ORDERED** on this 10th day of October, 2019, that the Domestic Violence Complaint, dated 10/02/2019 is DISMISSED and the   ☑ TEMPORARY RESTRAINING ORDER   OR ☐ FINAL RESTRAINING ORDER dated 10/03/2019 is/are vacated, and

**IT IS FURTHER ORDERED THAT:**
- ☐ The complaint is dismissed and present support order under this docket is terminated and any arrears are vacated. Probation to terminate their interest and close case.
- ☐ The complaint is dismissed.  Continue present support order and/or arrears to be:
    - ☐ transferred to docket _____ and   ☐ paid through **Probation IV-D**
    - or   ☐ paid directly to **Plaintiff (obligee).**
- ☑ Other: PLA W/A. TOWNSEND; DEF W/L. BARBONE

s/M. SUSAN SHEPPARD
_____
Honorable

## Return of Service

☑ **Defendant** was given a copy of the Order by:

| L PAGAN | 09:26 AM   10/10/2019 | ATLANTIC COUNTY FAMILY COURT |
|---|---|---|
| print name | time and date | signature / badge number / dept |

☑ **Plaintiff** was given a copy of the Order by:

| L PAGAN | 09:26 AM   10/10/2019 | ATLANTIC COUNTY FAMILY COURT |
|---|---|---|
| print name | time and date | signature / badge number / dept |

Revised: 9/2018, CN: 10213 (DV DO)                                    page 1 of 1

# EXHIBIT E

AO 199A (Rev. 12/11)  Order Setting Conditions of Release                                                    Page 1 of __3__ Pages

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| STERLING WHEATEN | ) | Case No.  18-CR-608(RMB) |
| | ) | |
| *Defendant* | | |

## ~~AMENDED~~
## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                                                                *Place*

_____

on _____
                                                                        *Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

Case 1:18-cr-00608-RMB   Document 49   Filed 10/18/19   Page 2 of 3 PageID: 630

AO 199B  (Rev. 12/11)  Additional Conditions of Release                                                    Page _2_ of _3_ Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(  )  (6)  The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____    Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately
if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____    _____
                          Custodian                                          Date

( X )  (7)  The defendant must:
( X )  (a)  submit to supervision by and report for supervision to the  U.S. Pretrial Services office as directed ,
telephone number _____ , no later than _____ .
(  )  (b)  continue or actively seek employment.
(  )  (c)  continue or start an education program.
( X )  (d)  surrender any passport to:  U.S. Pretrial Services
( X )  (e)  not obtain a passport or other international travel document.
( X )  (f)  abide by the following restrictions on personal association, residence, or travel:  *restricted to New Jersey.*

( X )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
including: _____

(  )  (h)  get medical or psychiatric treatment:  *& mental health testing & treatment as deemed necessary by Pretrial Services.*

(  )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
or the following purposes: _____

(  )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
necessary.
( X )  (k)  not possess a firearm, destructive device, or other weapon.
( X )  (l)  not use alcohol ( X ) at all (  ) excessively.
(  )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
medical practitioner.
( X )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random
frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited
substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited
substance screening or testing.
(  )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
supervising officer.
( X )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
(  )  (i)  Curfew. You are restricted to your residence every day (  ) from _____ to _____ , or (  ) as
directed by the pretrial services office or supervising officer; or
( X )  (ii)  Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical,
substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities
approved in advance by the pretrial services office or supervising officer; or
(  )  (iii)  Home Incarceration. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
court appearances or other activities specifically approved by the court.
( X )  (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program
requirements and instructions provided.  *(GPS tracking)*
( X )  You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or
supervising officer.
( X )  (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including
arrests, questioning, or traffic stops.
( X )  (s)  *Participate in Anger management therapy as directed by*
*Pretrial Services. Cost to be paid by defendant. Defendant shall*
*execute a records authorization release form to permit*
*Pretrial Services to be updated on defendant's status,*
*progress and attendance.*
(x)  (t)  *Defendant shall have no contact with M.C., the*
*mother of his child. This includes personal contact and any*
*remain in*

AO 199C (Rev. 09/08) Advice of Penalties                                                    Page ___3___ of ___3___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
Morgate, NJ
City and State

### Directions to the United States Marshal

( X )  The defendant is ORDERED released after processing.

(   )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:    10/15/2019                            _____
                                               Judicial Officer's Signature

                                               Honorable Joel Schneider, U.S.M.J.
                                               Printed name and title

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

# EXHIBIT F

EDWIN J. JACOBS, JR.
sjacobs@jacobsbarbone.law

LOUIS M. BARBONE
lbarbone@jacobsbarbone.law

**JACOBS & BARBONE, P.A.**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1125 PACIFIC AVENUE
ATLANTIC CITY, NEW JERSEY 08401
PHONE: (609) 348-1125
FAX: (609) 348-3774
WEBSITE: WWW.JACOBSBARBONE.LAW

JOEL S. JUFFE
jjuffe@jacobsbarbone.law

PHYLLIS WIDMAN
pwidman@jacobsbarbone.law

MICHAEL J. SILIGATO
msiligato@jacobsbarbone.law

March 17, 2020

Via email only

Lynn Heyer, Chief Assistant Prosecutor
Atlantic County Court House
4997 Unami Boulevard
Mays Landing, New Jersey 08330

   RE: State v. Sterling Wheaten
      Our File No. 16,042

Dear Ms. Heyer:

  The above-captioned remains pending in your office. I last wrote to First Assistant Formica with regard to the overwhelming facts and circumstances that should result in dismissal. A copy of my letter and attachments is enclosed.

  I now enclose an email I received from the purported victim on March 9, 2020. It is plain and clear that she no longer desires the no-contact Order and in fact endorses dismissal of all charges. I would greatly appreciate it if you would give me a status on this file or alternatively, direct me to the assistant prosecutor who has the matter. If dismissal or consent is agreed, obviously there is no sense to a motion. I appreciate your soonest advice. I have dated my file five days.

      Very truly yours,

      JACOBS & BARBONE, P.A.

      Louis M. Barbone

LMB/tah
Enclosures
Cc: Mr. Sterling Wheaten
   Mario Formica, First ASsistant Prosecutor
d/u 3 23 20

JACOBS & BARBONE, P.A.
ATTORNEYS AT LAW

Louis Barbone <lbarbone@jacobsbarbone.law>

## No Contact Order
1 message

**Molly Curran** <mollyccurran@gmail.com>                                          Mon, Mar 9, 2020 at 9:10 AM
To: lbarbone@jacobsbarbone.law

Dear Mr. Barbone,

I hope that this email finds you well. I have been reaching out to the prosecutor's office for several months now in order
to get the "No Contact Order" amended so that Sterling and I can reconcile and communicate about our son, Colin. I was
told by pre-trial services that only Sterling's attorney can make the request. I am hopeful that with your assistance I can
have the "No Contact Order" lifted so that we, Sterling and I, can discuss important decisions regarding our son (i.e.
school, medical, etc.). Thank you in advance for your time.

Kind regards,
Mary Curran
215-669-2853