# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Renée Marie Bumb |
| | : | |
| v. | : | Criminal No. 18-608 (RMB) |
| | : | |
| STERLING WHEATEN | : | |

---

## GOVERNMENT'S REQUESTS TO CHARGE

---

RACHAEL A. HONIG
Acting United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

JASON M. RICHARDSON
R. DAVID WALK, JR.
Assistant United States Attorneys
U.S. Post Office Building & Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101
(856) 757-5026

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................ **1**

Preliminary Instructions to Jury ......................................................................... **2**

Role of the Jury ................................................................................................... **5**

Conduct of the Jury ............................................................................................. **7**

Bench (Side-Bar) Conferences ........................................................................... **10**

Note Taking by Jurors ......................................................................................... **11**

Questions by Jurors of Witnesses ...................................................................... **14**

Description of Trial Proceedings ......................................................................... **15**

Evidence ............................................................................................................. **17**

Direct and Circumstantial Evidence ................................................................... **20**

Credibility of Witnesses ..................................................................................... **21**

Nature of the Indictment ..................................................................................... **23**

Elements of the Offenses Charged ..................................................................... **24**

Presumption of Innocence; Burden of Proof; Reasonable Doubt ....................... **26**

Separate Considerations – Single Defendant Charged with Multiple Offenses ....... **28**

**FINAL INSTRUCTIONS** ................................................................................... **29**

Introduction and Role of the Jury ....................................................................... **29**

Evidence ............................................................................................................. **31**

Direct and Circumstantial Evidence ................................................................... **33**

Presumption of Innocence; Burden of Proof; Reasonable Doubt ....................... **35**

Not All Evidence, Not All Witnesses Needed .................................................... **37**

Credibility of Witnesses ..................................................................................... **38**

Credibility of Witnesses – Law Enforcement Officer ................................................ **40**

Opinion Evidence (Expert Witnesses) ...................................................................... **41**

Impeachment of Witness – Prior Inconsistent Statement for Credibility Only (If applicable) .... **42**

Impeachment of Witness – Prior Bad Acts (F.R.E. 608(b))(If applicable) ................. **43**

False in One, False in All (*Falsus in Uno, Falsus in Omnibus*) ............................... **44**

Specific Investigation Techniques Not Required (If applicable) ................................ **45**

Interview of Witness (If applicable) ......................................................................... **46**

Stipulated Testimony (If Applicable) ........................................................................ **47**

Stipulation of Fact .................................................................................................... **48**

Audio and Video Recordings .................................................................................... **49**

Defendant's Choice Not to Testify or Present Evidence (If applicable) ..................... **50**

Defendant's Testimony (If applicable) ...................................................................... **51**

Impeachment of Defendant – Prior Bad Acts (F.R.E. 608(b)) (If applicable) ............. **52**

Defendant's Character Evidence (If applicable) ........................................................ **53**

Impeachment of Defendant's Character Witness (If applicable) ................................ **54**

Nature of the Indictment ........................................................................................... **56**

On or About ............................................................................................................... **57**

Use of Conjunctive .................................................................................................... **58**

Proof of Mental States .............................................................................................. **59**

"Willfully" Defined .................................................................................................... **60**

"Knowingly" Defined ................................................................................................. **61**

"Intentionally" Defined .............................................................................................. **62**

Count 1 - Deprivation of Civil Rights Under Color of Law (18 U.S.C. § 242) – Statute ........... **63**

Count 1 - Deprivation of Civil Rights Under Color of Law (18 U.S.C. § 242) Elements of
the Offense ................................................................................................................. **64**

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) First Element—
Color of Law ................................................................................................. **66**

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) Second Element -
Deprivation of a Federal Right ...................................................................... **67**

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) – Third Element—
Willfulness ..................................................................................................... **70**

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) - Fourth Element—
Bodily Injury ................................................................................................. **72**

Count Two - Falsification of Records – 18 U.S.C. § 1519 – Statute ............... **73**

Count Two - Falsification Of Records – 18 U.S.C. § 1519 – Elements of the Offense ............... **74**

Count Two - Falsification Of Records – 18 U.S.C. § 1519 First Element – To Knowingly
Falsify A Document ...................................................................................... **75**

Count Two - Falsification Of Records – 18 U.S.C. § 1519 Second Element – Intent
To Impede ...................................................................................................... **76**

Count Two - Falsification Of Records – 18 U.S.C. § 1519 Third Element – Matter Within
Agency Jurisdiction ...................................................................................... **78**

Motive Explained ........................................................................................... **80**

Separate Consideration – Single Defendant Charged with Multiple Offenses ............... **81**

Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to
Deliberate; Communication with Court........................................................ **82**

Verdict Form .................................................................................................. **85**

## PRELIMINARY STATEMENT

The Government respectfully submits these preliminary instructions, requests to charge regarding general matters of law, the essential elements of the crimes charged in the Indictment, and certain matters of evidence that are relevant to this case.  In addition, the Government respectfully requests that the Court instruct the jury as to other general matters in accordance with the Court's customary practice.  Finally, the Government respectfully requests leave of the Court to submit additional requests to charge should such submission be warranted by subsequent developments in the trial.

REQUEST No. 1
Preliminary Instructions to Jury

*(Third Circuit Model Instruction 1.01)*

I am Judge Renée Marie Bumb, the trial judge on this case.  You have been called to this

courtroom as a panel of prospective jurors for the case of United States versus Sterling Wheaten.

This is a criminal case in which Sterling Wheaten is charged with willfully depriving the victim,

David Connor Castellani, of his Constitutional Rights while acting under color of law, and with

falsification of records in a federal investigation, in violation of federal criminal law.

From this panel we will select the jurors who will sit on the jury that will decide this case.

We will also select alternate jurors, who will be part of this trial and available in the event that one

of the regular jurors becomes ill or is otherwise unable to continue on the jury.

We rely on juries in this country to decide cases tried in our courts, so service on a jury is

an important duty of citizenship.  Jurors must conduct themselves with honesty, integrity, and

fairness.

Under our system of justice, the role of the jury is to find the facts of the case based on the

evidence presented in the trial.  That is, from the evidence seen and heard in court, the jury decides

what the facts are, and then applies to those facts the law that I will give in my instructions to the

jury.  My role as the trial judge is to make whatever legal decisions must be made during the trial

and to explain to the jury the legal principles that will guide its decisions.

We recognize that you are all here at some sacrifice.  However, we cannot excuse anyone

merely because of personal inconvenience, unless serving on this jury would be a compelling

hardship.

In a few minutes you will be sworn to answer truthfully questions about your qualifications

**2**

to sit as jurors in this case.  This questioning process is called the voir dire.  I will conduct the questioning, and the lawyers for the parties may also participate.  It is, of course, essential that you answer these questions truthfully—a deliberately untruthful answer could result in severe penalties.

The voir dire examination will begin with a brief statement about the particulars of this case.  The purpose of this statement is to tell you what the case is about and to identify the parties and their lawyers.

Questions will then be asked to find out whether any of you have any personal interest in this case or know of any reason why you cannot render a fair and impartial verdict.  We want to know whether you are related to or personally acquainted with any of the parties, their lawyers, or any of the witnesses who may appear during the trial, and whether you already know anything about this case.  Other questions will be asked to determine whether any of you have any beliefs, feelings, life experiences, or any other reasons that might influence you in rendering a verdict.

The questions are not intended to embarrass you.  If you have a response that you are uncomfortable sharing publicly, please let me know and I will see that you are questioned in private.  I also may decide on my own that questions should be asked in private.

After this questioning, some of you will be chosen to sit on the jury for this case.  If you are not chosen, you should not take it personally and you should not consider it a reflection on your ability or integrity.

There may be periods of silence during the voir dire process, when the lawyers and I are not speaking openly.  During those times you may talk, but you must not talk about this case or about the voir dire questions and answers.

*[If the trial judge wants to give a further explanation of the challenge and selection*

**3**

process, here is alternative language that may be used for that purpose:

*Alternative 1*: After we complete the questioning, the lawyers and I will decide which of you will be chosen to sit on the jury.  Please be patient while we complete the selection process.

*Alternative 2*: After this questioning is completed, the parties on either side may ask that a member of the panel be excused or exempted from service on the jury in this case. These are called challenges.

First: A prospective juror may be challenged for cause if the voir dire examination shows that he or she might be prejudiced or otherwise unable to render a fair and impartial verdict in this case.  I will excuse a prospective juror if I decide that there is sufficient cause for the challenge. There is no limit to the number of challenges for cause.

Second: The parties also have the right to a certain limited number of challenges for which no cause is necessary.  These are called peremptory challenges, and each party has a predetermined number of peremptory challenges.  The peremptory challenge is a right long-recognized by the law as a means of giving the parties some choice in the make-up of the jury. You should understand that if you are eliminated from the jury panel by a peremptory challenge that is not a reflection on your ability or integrity.]

4

REQUEST No. 2
Role of the Jury

*(Third Circuit Model Instruction 1.02)*

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial.  You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions.  That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law.  Each of the instructions is important.  You must not substitute your own notion or opinion about what the law is or ought to be.  You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or

5

public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

REQUEST No. 3
Conduct of the Jury

*(Third Circuit Model Instruction 1.03)*

Here are some important rules about your conduct as jurors:

(1) Keep an open mind.  Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

 (2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.  You need to allow each juror the opportunity to keep an open mind throughout the entire trial.  During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors.  It is important not only that you do justice in this case, but that you give the appearance of justice.  If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately.  Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends.  You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last.  However, you should also tell

7

them that the judge instructed you not to talk any more about the case and that they should not talk to you about it.  The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in the courtroom.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7) Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations.  These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, LinkedIn, and YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8) Do not do any research or make any investigation on your own about any matters relating to this case or this type of case.  This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case.  Please do not try to find out information from any source outside the confines of this courtroom.  You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.  It would be improper for you to try to supplement that information on your own.

(9) You should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

(10) Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance.  You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

REQUEST No. 4
Bench (Side-Bar) Conferences

*(Third Circuit Model Instruction 1.04)*

During the trial, it may be necessary for me to talk with the lawyers out of your hearing. That is called a "bench" or "side-bar" conference.  If that happens, please be patient. We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.  These conferences are necessary for me to discuss with the lawyers' objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

REQUEST No. 4
Note Taking by Jurors

(*Third Circuit Model Instruction 1.05*)

*Option 1:*

At the end of the trial you must make your decision based on what you remember of the evidence.  You will not have a written transcript of the testimony to review.  You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said.  My courtroom deputy will arrange for pens, pencils, and paper.  If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case.  Here are some other specific points to keep in mind about note taking:

(1)  Note-taking is permitted, but it is not required.  You are not required to take notes.  How many notes you want to take, if any, is entirely up to you.

(2)  Please make sure that note-taking does not distract you from your tasks as jurors.  You must listen to all the testimony of each witness.  You also need to decide whether and how much to believe each witness.  That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.  You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3)  Your notes are memory aids; they are not evidence.  Notes are not a record or written transcript of the trial.  Whether or not you take notes, you will need to

11

rely on your own memory of what was said.  Notes are only to assist your memory; you should not be overly influenced by notes.

(4)  In your deliberations, <u>do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes</u>.  Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater weight than each juror's independent memory of the evidence.  You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5)  <u>You should not take your notes away from court</u>. *[Here the judge should describe the logistics of storing and securing jurors notes during recesses and at the end of the court day.  For example, jurors may be told to put their notes in an envelope provided for that purpose at the beginning of each recess and at the end of the day.  The jurors could be told to leave the envelope containing the notes on their chairs. The judge's courtroom staff could collect the notes and place them in a locked drawer at the end of each day or the jurors might be told to leave their notes in the jury room at the end of the day.]*

My staff is responsible for making sure that no one looks at your notes.  Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.

*Option 2:*

At the end of the trial you must make your decision based on what you remember

of the evidence.  Although we have a court reporter here, you will not have a written transcript of the testimony to review during your deliberations.  You must pay close attention to the testimony as it is given.

You may not take notes during the course of the trial.  There are several reasons for this.  It is difficult to take notes and, at the same time, pay attention to what a witness is saying and to the witness appearance, behavior, and manner while testifying.  One of the reasons for having a number of persons on the jury is to gain the advantage of your individual and collective memories so that you can then deliberate together at the end of the trial and reach agreement on the facts.  While some of you might feel comfortable taking notes, other members of the jury may not feel as comfortable and may not wish to do so.  Notes might be given too much weight over memories, especially the memories of those who do not take notes.  So, for those reasons, you may not take notes during this trial.

13

REQUEST No. 6
Questions by Jurors of Witnesses

*(Third Circuit Model Instruction 1.06)*

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses. *[The specific reasons for not allowing jurors to ask questions may be explained.]* If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**14**

REQUEST No. 7
Description of Trial Proceedings

*(Third Circuit Model Instruction 1.07)*

The trial will proceed in the following manner:

First:   The lawyers will have an opportunity to make opening statements to you. The prosecutor may make an opening statement at the beginning of the case.  The defendant's lawyers may make opening statements after the prosecutor's opening statement or the defendant may postpone the making of an opening statement until after the Government finishes presenting its evidence.  The defendant is not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

Second: After opening statements, the Government will introduce the evidence that it thinks proves the charges stated in the Indictment.  The Government will present witnesses and the defendant's lawyers may cross-examine those witnesses.   The Government may also offer documents and other exhibits into evidence.

Third:   After the Government has presented its evidence, the defendant may present evidence, but he is not required to do so.  As I will tell you many times during this trial, the Government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  The defendant is presumed to be innocent of the charges.  The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth: After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties'

theories about what the evidence has shown and what conclusions may be drawn from the evidence. What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Fifth: After you have heard the closing arguments, I will give you orally *[and in writing]* the final instructions concerning the law that you must apply to the evidence presented during the trial. As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Sixth: After my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret. You will not be required to explain your verdict to anyone. Your verdict must be unanimous; all twelve of you must agree to it.

You must keep your minds open during this trial. Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence; in other words, until you begin your deliberations.

REQUEST No. 8
Evidence

*(Third Circuit Model Instruction 1.08)*

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.

17

If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other

evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

REQUEST No. 9
Direct and Circumstantial Evidence

*(Third Circuit Model Instruction 1.09)*

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence.  You may use both types of evidence in reaching your verdict.

Direct evidence is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts.  An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

REQUEST No. 10
Credibility of Witnesses

*(Third Circuit Model Instruction 1.10)*

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Is the witness truthful?  Is the witness testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness's testimony in court;

21

(7) Whether the witness's testimony is consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness's testimony is when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are and how much weight you think their testimony deserves.

22

REQUEST No. 11
Nature of the Indictment

*(Third Circuit Model Instruction 1.11)*

The Government has charged Defendant Sterling Wheaten with violating federal law, specifically, willfully depriving the victim, David Connor Castellani, of his Constitutional Rights while acting under color of law.  The Government has also charged Defendant Sterling Wheaten with falsification of records in a federal investigation.  The charges against Sterling Wheaten are contained in an Indictment.

An Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing.  An Indictment is simply a description of the charges against a defendant. It is an accusation only.  An Indictment is not evidence of anything, and you should not give any weight to the fact that Sterling Wheaten has been indicted in making your decision in this case.

**23**

REQUEST No. 12
Elements of the Offenses Charged

*(Third Circuit Model Instruction 1.12)*

The United States has charged Defendant Sterling Wheaten with committing multiple offenses. To help you follow the evidence, I will now give you a brief summary of the elements of those offenses, each of which the Government must prove beyond a reasonable doubt in order to convict Sterling Wheaten of the offenses charged.

<u>Count 1</u>

The elements of depriving a victim of a right guaranteed by the Constitution under color of law as charged in Count One are:

First:   That, on or about June 15, 2013, the Defendant acted under color of law;

Second:  That in so doing, the Defendant deprived, or caused to be deprived, David Connor Castellani, of his rights secured or protected by the Constitution or laws of the United States—that is, the right to be free from unreasonable seizure and right to be free from the use of unreasonable force; and

Third:   That the Defendant acted willfully.

If you find that the Government proved the three elements beyond a reasonable doubt, you will then have to decide whether:

Fourth:  That the Defendant's conduct resulted in bodily injury to the Victim, David Connor Castellani.

<u>Count 2</u>

The elements of falsification of records as charged in Count Two are:

First:   That the Defendant knowingly concealed, covered up, falsified, or made false entries on a document or record;

Second:  That the Defendant acted with the intent to impede, obstruct, or influence an investigation or proper administration of a matter or in relation to or in contemplation of any such matter or case; and

24

Third:    That the investigation or matter was within the jurisdiction of a department or agency of the United States.

What I have just told you is only a preliminary outline of the elements of the offenses charged.  At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.  Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

REQUEST No. 13
Presumption of Innocence; Burden of Proof; Reasonable Doubt

*(Third Circuit Model Instruction 1.13)*

The defendant, Sterling Wheaten, has pled not guilty to the offenses charged. Sterling Wheaten is presumed to be innocent.  He starts the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Sterling Wheaten unless and until the Government presents evidence that overcomes that presumption by convincing you that Sterling Wheaten is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Sterling Wheaten not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.  The presumption of innocence means that Sterling Wheaten has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove that Sterling Wheaten is guilty, and this burden stays with the Government throughout the trial.

In order for you to find Sterling Wheaten guilty of the offenses charged, the Government must convince you that Sterling Wheaten is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary, reasonable person

**26**

to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the Government has proved Sterling Wheaten guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

REQUEST No. 14
Separate Considerations – Single Defendant Charged with Multiple Offenses

*(Third Circuit Model Instruction 1.14)*

Sterling Wheaten is charged with more than one offense; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

28

FINAL INSTRUCTIONS

REQUEST No. 1
Introduction and Role of the Jury

*(Third Circuit Model Instruction 3.01)*

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up your own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as

**29**

Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life in the community.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

REQUEST No. 2
Evidence

*(Third Circuit Model Instruction 3.02)*

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.

31

If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

REQUEST No. 3
Direct and Circumstantial Evidence

*(Third Circuit Model Instruction 3.03)*

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses ─ something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The Government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

33

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

REQUEST No. 4
Presumption of Innocence; Burden of Proof; Reasonable Doubt

*(Third Circuit Model Instruction 3.06)*

The Defendant, Sterling Wheaten, pled not guilty to the offenses charged. Sterling Wheaten is presumed to be innocent.  He started the trial with a clean slate with no evidence against him. The presumption of innocence stays with Sterling Wheaten unless and until the Government has presented evidence that overcomes that presumption by convincing you that Sterling Wheaten is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Sterling Wheaten not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Sterling Wheaten has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove that Sterling Wheaten is guilty and this burden stays with the Government throughout the trial.

In order for you to find Sterling Wheaten guilty of the offenses charged, the Government must convince you that Sterling Wheaten is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of

**35**

the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of an offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of an offense charged, then you must return a verdict of not guilty for that particular offense.

REQUEST No. 5
Not All Evidence, Not All Witnesses Needed

*(Third Circuit Model Instruction 3.05)*

Although the Government is required to prove the Defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the Defendant is not required to present any evidence or produce any witnesses.

*[In this case, Sterling Wheaten [presented evidence] [produced witnesses]. Sterling Wheaten is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

37

REQUEST No. 6
Credibility of Witnesses

*(Third Circuit Model Instruction 3.04)*

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief:  Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

38

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were and how much weight you think their testimony deserves.

39

REQUEST No. 7
Credibility of Witnesses – Law Enforcement Officer

*(Third Circuit Model Instruction 4.18)*

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**40**

REQUEST No. 8
Opinion Evidence (Expert Witnesses)

*(Third Circuit Model Instruction 4.08)*

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Dr. Charles Mesloh, Joseph Rodriguez and Dr. David Ferland.  Because of their knowledge, skill, experience, training, or education in the field of K-9 use of force, Dr. Mesloh, Mr. Rodriguez and Dr. Ferland were permitted to offer opinions in that field and the reasons for those opinions.  Because of his knowledge, skill, experience, training and medical education, Dr. Peter Thompson was permitted to offer his opinion on the nature and extent of Mr. Castellani's injuries and how they were caused.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that Dr. Mesloh, Mr. Rodriguez, Dr. Ferland and Dr. Thompson's opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

41

REQUEST No. 9

Impeachment of Witness – Prior Inconsistent Statement for Credibility Only (If applicable)

*(Third Circuit Model Instruction 4.22)*

You have heard the testimony of certain witnesses *(if only one witness was impeached with a prior inconsistent statement, include name of witness)*.  You have also heard that before this trial *(they)(he)(she)* made *(statements)(a statement)* that may be different from *(their)(his)(her)* testimony in this trial.  It is up to you to determine whether *(these statements were)(this statement was)* made and whether *(they were)(it was)* different from the witness*(es)*' testimony in this trial.  *(These earlier statements were)(This earlier statement was)* brought to your attention only to help you decide whether to believe the witness*(es)*' testimony here at trial.  You cannot use it as proof of the truth of what the witness*(es)* said in the earlier statement*(s)*.  You can only use it as one way of evaluating the witness*(es)*' testimony in this trial.

*[You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were (describe condition satisfying Federal Rules of Evidence, Rule 801(d)(1)(A); e.g., made under oath, given before the grand jury) and that may be different from (his)(her) testimony at trial.  When a statement is (describe condition; made under oath, made before the grand jury), you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s).  But when a statement is (describe condition; e.g., not made under oath, not given before the grand jury), you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s).]*

42

REQUEST No. 10
Impeachment of Witness – Prior Bad Acts (F.R.E. 608(b))(If applicable)

*(Third Circuit Model Instruction 4.24)*

You heard evidence that *(name)*, a witness, committed *(describe bad act inquired about during cross-examination)*.  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe *(name)* and how much weight to give *(his)(her)* testimony.

REQUEST No. 11
False in One, False in All (*Falsus in Uno, Falsus in Omnibus*)

*(Third Circuit Model Instruction 4.26)*

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

44

REQUEST No. 12
Specific Investigation Techniques Not Required (If applicable)

*(Third Circuit Model Instruction 4.14)*

During the trial you heard testimony of witnesses and argument by counsel that the Government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument; e.g., fingerprint analysis, DNA analysis, the use of recording devices).*  You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the Government use any of these specific investigative techniques or all possible techniques to prove its case.  There is no requirement to *(mention omitted techniques; e.g., attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use recording devices or offer recordings in evidence).*

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

45

REQUEST No. 12
Interview of Witness (If applicable)

During the trial, you have heard testimony that Assistant United States Attorneys or federal agents or defense counsel have interviewed or attempted to interview some witnesses who testified. No adverse inference should be drawn from that conduct.  Indeed, the Assistant United States Attorneys, their assistants, and federal law enforcement officers, as well as defense counsel and his or her assistants, have a right, a duty, and an obligation to conduct and to attempt to conduct those interviews and prepare this case as thoroughly as possible, and they might have been derelict in the performance of their duties if they had not questioned the witnesses as their investigations progressed and during their preparation for this trial.

46

REQUEST No. 13
Stipulated Testimony (If Applicable)

*(Third Circuit Model Instruction 4.01)*

The parties have agreed what (*name of witness*)'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

47

REQUEST No. 14
Stipulation of Fact

*(Third Circuit Model Instruction 4.02)*

The Government and the Defendant have agreed that *(set forth stipulated fact(s)) (is)(are)* true.  You should therefore treat *(this fact)(these facts)* as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

48

REQUEST No. 15
Audio and Video Recordings

*(Third Circuit Model Instructions 4.04)*

During the trial you heard audio recordings from radio transmissions of Atlantic City

Police Officers.  You also watched a video recording from the Tropicana Hotel and Casino.   The

parties have stipulated and agreed that the audio and video recordings are all authentic and were

lawfully obtained and can be used just as any other evidence at trial.

49

REQUEST No. 17
Defendant's Choice Not to Testify or Present Evidence (If applicable)

*(Third Circuit Model Instruction 4.27)*

Sterling Wheaten did not testify *(did not present evidence)* in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence).* The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Sterling Wheaten did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Sterling Wheaten did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

REQUEST No. 18
Defendant's Testimony (If applicable)

*(Third Circuit Model Instruction 4.28)*

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Sterling Wheaten testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

51

REQUEST No. 19
Impeachment of Defendant – Prior Bad Acts (F.R.E. 608(b)) (If applicable)

*(Third Circuit Model Instruction 4.35)*

You heard evidence that the Defendant Sterling Wheaten on a previous occasion committed (*describe bad act elicited on cross-examination of Defendant*).  You may consider that evidence only to help you decide whether to believe Sterling Wheaten's testimony and how much weight to give it.  That evidence does not mean that Sterling Wheaten committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.

52

REQUEST No. 20
Defendant's Character Evidence (If applicable)

*(Third Circuit Model Instruction 4.39)*

You have heard *(reputation)(opinion)(reputation and opinion)* evidence about whether the defendant has a character trait for *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.)*.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge*(s)* beyond a reasonable doubt.

REQUEST No. 21
Impeachment of Defendant's Character Witness (If applicable)

*(Third Circuit Model Instruction 4.40)*

<u>If character witness testified to reputation:</u> You heard *(name of witness)* testify about the defendant's reputation for *(insert character trait covered by testimony)*. On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* had heard that *(briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion)*. The prosecutor was allowed to ask these questions only to test whether *(name of witness)* was familiar with the reputation of the defendant in the community. This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose. Specifically, you may not use this information to conclude that the defendant committed the act*(s)* charged in the indictment or as proof that the defendant has a bad character or any propensity to commit crimes.

<u>If character witness testified to opinion:</u> You heard *(name of witness)* testify about the defendant's character for *(insert character trait covered by testimony)*. On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* knew that *(briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion)*. The prosecutor was allowed to ask these questions only to test whether *(name of witness)* had a good basis for *(his)(her)* opinion of the defendant's character. This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose. Specifically, you may not use this information to conclude that the defendant committed

54

the act*(s)* charged in the indictment or as proof that the defendant has a bad character or any propensity to commit crimes.

REQUEST No. 22
Nature of the Indictment

*(Third Circuit Model Instruction 3.07)*

As you know, the Defendant, Sterling Wheaten, is charged in the Indictment with violating federal law, specifically, with willfully depriving the victim, David Connor Castellani, of his Constitutional Rights while acting under color of law and with falsification of records in a federal investigation.

As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the Defendant is accused of committing.  An Indictment is simply a description of the charges against a Defendant.  It is an accusation only.  An Indictment is not evidence of anything, and you should not give any weight to the fact that Sterling Wheaten has been indicted in making your decision in this case.

**56**

REQUEST No. 23
On or About

*(Third Circuit Model Instruction 3.08)*

You will note that the Indictment charges that the offenses were committed "on or about" certain dates.  The Government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

**57**

REQUEST No. 24
Use of Conjunctive

Upon reading the Indictment, you may notice that the word "and" is used between other charging words.  For example, the Indictment charges that the Defendant willfully deprived Victim #1 of a "right secured and protected by the Constitution and laws of the United States …."  Although the Indictment is written that way, you are specifically instructed that it is sufficient for the Government to prove that the Defendant did one of the acts charged in the Indictment.  For example, the Government need only prove that the Defendant deprived Victim #1 of right secured by the Constitution.  In other words, you should treat the word "and" as really being the word "or."

An important exception to this rule is the portion of a Count that charges the Defendant with acting with certain mental states, for example, "knowingly," "intentionally," and/or "willfully."  In those instances, you must find each of the required mental states existed in order to find the Defendant guilty on that particular Count.

58

REQUEST No. 25
Proof of Mental States

*(Third Circuit Model Jury Instruction 5.01(modified))*

In deciding whether the Government has met its burden of proof regarding the elements of the charged crime, you must decide if the Government has proved that the Defendant had certain states of mind at the time of the charged crimes.  Often the state of mind, such as intent or knowledge with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, the Defendant's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine the Defendant's state of mind, such as what the Defendant intended or knew at a particular time, you may consider evidence about what the Defendant said, did, and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the Defendant's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the Defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the Defendant knowingly did, and whether it is reasonable to conclude that the Defendant intended those results or consequences.  You may find, but you are not required to find, that the Defendant knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in the Defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the Defendant did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of the facts— you, the jurors—in this case.

59

REQUEST No. 26
"Willfully" Defined

*(Third Circuit Model Jury Instruction 5.05 (modified))*

The offense of deprivation of civil rights requires the Government to prove that the Defendant acted "willfully" with respect to the element of depriving David Connor Castellani's rights guaranteed by the Constitution or laws of the United States. This means that the Government must prove beyond a reasonable doubt that the Defendant knew that his conduct was unlawful and intended to do something that the law forbids.  That is, to find that the Defendant acted "willfully," you must find that the evidence presented at trial proved beyond a reasonable doubt that the Defendant acted with a purpose to disobey or disregard the law.

The Government does not have to prove that the Defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law. Nor does the Government have to prove that the Defendant knew of the existence and meaning of the federal statute making his conduct criminal.

60

REQUEST No. 27
"Knowingly" Defined

*(Third Circuit Model Jury Instruction 5.02 (modified))*

The offense of falsification of records in a federal investigation charged in Count 2 of the Indictment requires that the Government prove that Defendant acted "knowingly" with respect to the element of falsifying records. This means that the Government must prove beyond a reasonable doubt that the Defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged. If you find that the Defendant falsified records accidentally, mistakenly, or as the result of mere negligence, then the Government has failed to prove that he acted knowingly and you must return a verdict of not guilty.

In deciding whether Defendant acted "knowingly," you may consider evidence about what the Defendant said, did, and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the Defendant's mind at that time.

61

REQUEST No. 28
"Intentionally" Defined

*(Third Circuit Model Jury Instruction 5.03 (modified))*

The offense of falsification of records in a federal investigation charged in Count 2 of the Indictment requires that the Government prove that the Defendant acted with intent to "impede, obstruct, or influence an investigation . . . in relation to or in contemplation of any [proper administration of a matter]" within the jurisdiction of the FBI.  This means that the Government must prove beyond a reasonable doubt either that: (1) it was the Defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the Defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether the Defendant acted "with intent," you may consider evidence about what the Defendant said, what the Defendant did and failed to do, how the Defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in Defendant's mind at that time.

62

REQUEST No. 29

Count 1 - Deprivation of Civil Rights Under Color of Law (18 U.S.C. § 242) – Statute

*(Sources: 18 U.S.C. § 242; Modern Jury Instructions17-2; United States v. Figueroa, 729 F. 3d 267 (3d Cir. 2013))*

Count 1 of the Indictment charges the Defendant with depriving David Connor Castellani of his rights under color of law, in violation of 18 U.S.C. § 242 on or about June 15, 2013.  Title 18, United States Code, Section 242, makes it a federal crime for anyone, while acting under color of state law, to willfully deprive someone else of his or her rights secured by the Constitution or laws of the United States.

The relevant statute, Title 18, United States Code, Section 242, states in pertinent part:

[Whoever] under color of any law, statute, ordinance, regulation . . . willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . . [is guilty of a crime].

63

REQUEST No. 30

Count 1 - Deprivation of Civil Rights Under Color of Law (18 U.S.C. § 242) -Elements of the
Offense

*(Sources: Pattern Criminal Jury Instructions, Fifth Circuit, § 2.18 (Deprivation of Civil Rights)
(2012); Federal Criminal Jury Instructions, Seventh Circuit, § 242[1] (Deprivation of Rights
Under Color of Law - Elements) (1999); Pattern Criminal Jury Instructions, Tenth Circuit, §
2.17 (Deprivation of Civil Rights) (2011); Pattern Criminal Jury Instructions, Eleventh Circuit,
§ OI 8 (Deprivation of Civil Rights (Without Bodily Injury, Kidnapping, Sexual Assault or
Death)) (2010)(modified); 2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, Federal
Jury Practice and Instructions § 29.03 (The essential elements of the offense charged) (6th ed.
2008 and 2013 updates). United States v. Lanier, 520 U.S. 259, 264 (1997) ("Section 242 is a
Reconstruction Era civil rights statute making it criminal to act (1) willfully and (2) under color
of law (3) to deprive a person of rights protected by the Constitution or laws of the United
States.") (internal quotations and citation omitted). United States v. Johnstone, 107 F.3d 200,
207 (3d Cir. 1997) (explaining statute). ).*

In order for you to find Sterling Wheaten guilty of depriving David Connor Castellani of

his rights under color of law as alleged in Count One of the Indictment, you must find that the

Government proved beyond a reasonable doubt each of the following elements:

> First:          That on or about June 15, 2013, the Defendant acted under color of
>                 law—that is, while using or misusing power possessed by reason of his
>                 official position;
>
> Second:         That in so doing, the Defendant deprived David Connor Castellani, or
>                 caused David Connor Castellani to be deprived, of a right which is secured
>                 or protected by the Constitution or laws of the United States—that is, the
>                 right to be free from unreasonable seizure, which includes the right to be
>                 free from the use of unreasonable force;
>
> Third:          That the Defendant acted willfully.

If you are convinced beyond a reasonable doubt that the Government has proved all of

these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt

about any one of these elements, then you must find the Defendant not guilty of this charge.

If you decided that the Government proved all of these elements beyond a reasonable doubt

then you must decide if the Government proved beyond a reasonable doubt:

Fourth:     That the Defendant's conduct resulted in bodily injury to the Victim David Connor Castellani.

If you are convinced beyond a reasonable doubt that the Government proved the additional element, say so by indicating such on the verdict form.  If you have a reasonable doubt that the Defendant's conduct resulted in bodily injury, then you must find that the Government has not proven that fact and so indicate on the verdict form.

REQUEST No. 31

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) First Element—Color of Law

*(Sources: Pattern Criminal Jury Instructions, Fifth Circuit, § 2.18 (Deprivation of Civil Rights) (2012); Federal Criminal Jury Instructions, Seventh Circuit, § 242[3] (Definition of Color of Law) (1999); Pattern Criminal Jury Instructions, Tenth Circuit, § 2.17 (Deprivation of Civil Rights) (2011); Pattern Criminal Jury Instructions, Eleventh Circuit, § OI 8 (Deprivation of Civil Rights (Without Bodily Injury, Kidnapping, Sexual Assault or Death)) (2010); 2 Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, Federal Jury Practice and Instructions § 29.04 ("Under Color of Law -- Defined) (6th ed. 2008 and 2013 updates). West v. Atkins, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). Harvey v. Plains Tp. Police Dept., 635 F.3d 606, 609 (3d Cir. 2011) (holding in civil case that, "[a]ction under color of state law requires that [the defendant] exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotations omitted).  )*

The first element the Government must prove beyond a reasonable doubt is that the Defendant acted under color of law.  A person acts under color of law if he is an official or employee of a federal, state, or local Government, and he uses or abuses power he possesses because of his official position.  A Government official, such as a police officer, acts "under color of law" if he is performing his official duties, or claims to perform those official duties, even if he misuses or abuses his official authority by doing something the law forbids.

If you find that the Defendant was an Atlantic City Police Officer, and that he was acting, claiming to act, or giving the appearance of acting as an Atlantic City Police Officer on June 15, 2013—even if he misused his lawful authority—then you may find that he was acting under color of law.

REQUEST No. 32

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) Second Element—Deprivation of a
Federal Right

*(Sources: <u>Scott v. Harris</u>, 550 U.S. 372, 383 (2007) ("Whether or not [the officer's] actions
constituted application of 'deadly force,' all that matters is whether [the officer's] actions were
reasonable."); <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001) ("[A] use of force is contrary to the
Fourth Amendment if it is excessive under objective standards of reasonableness."); <u>Graham v.
Connor</u>, 490 U.S. 386, 394, 396-97 (1989) (Holding that Fourth Amendment governs an
arrestee's excessive force claims and stating that the "test of reasonableness under the Fourth
Amendment is not capable of precise definition or mechanical application, however, its proper
application requires careful attention to the facts and circumstances of each particular case,
including the severity of the crime at issue, whether the suspect poses an immediate threat to the
safety of the officers or others, and whether he is actively resisting arrest or attempting to evade
arrest by flight.") (internal quotations and citation omitted). <u>Walke v. Cullen</u>, 491 Fed.Appx.
273, 277 (3d Cir. ,2012) ("In determining whether the force used to affect a seizure is excessive,
the question is whether, under the totality of the circumstances, the officers' actions were
objectively reasonable.  Factors to consider include the severity of the crime at issue, whether
the suspect poses an immediate threat to the safety of the officers or others, and whether he is
actively resisting arrest or attempting to evade arrest by flight. It is also important to consider
whether the physical force applied was of such an extent as to lead to injury.") (internal
quotations and citations omitted); <u>Curley v. Klem</u>, 499 F.3d 199, 206-07 (3d Cir. 2007) ("In an
excessive force case, whether there is a constitutional violation is properly analyzed under the
Fourth Amendment's 'objective reasonableness' standard.  The relevant inquiry is the
reasonableness of the officer's belief as to the appropriate level of force, which should be judged
from the officer's on-scene perspective, and not in the 20/20 vision of hindsight.") (internal
quotations, citations, and alterations omitted). )*

   The second element which the Government must prove beyond a reasonable doubt is that

the Defendant deprived a person present in the United States of a right secured or protected by

the Constitution or laws of the United States.  The Indictment charges the Defendant with

depriving David Connor Castellani of the right to be free from unreasonable seizures.  That right

is protected by the Fourth Amendment of the United States Constitution.  The United States

Constitution guarantees everyone in this country the right to be free from unreasonable seizure

by a law enforcement officer, which includes the right to be free from the use of unreasonable

physical force during an arrest, detention, or other stop made by a law enforcement officer.

A use of force violates the Fourth Amendment if it is excessive under objective standards of reasonableness.  Unreasonable force is thus physical force that exceeds the objective need to use such force.  Although a law enforcement officer may use force if there is an objective basis to do so, he may not use more force than is reasonably necessary under the circumstances.  For example, a law enforcement officer may use force to effectuate an arrest, to prevent a suspect from escaping from custody, or to defend himself or another from bodily harm.  However, the law enforcement officer may not use more force than is reasonably necessary to accomplish these objectives.

An officer may not use force solely to punish, retaliate against, or seek retribution against another person.  An officer may not use force merely because an arrested person questions an officer's authority, insults the officer, uses profanity, or otherwise engages in verbal provocation. The force used by the officer must be objectively reasonable at the time it is used.

In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified—even seconds later—if the objective justification for the initial use of force has been eliminated.

If you determine that the Defendant used physical force against the victim, you must then decide whether that force was reasonable.  You should make this determination considering all of the facts and circumstances from the point of view of an ordinary and reasonable officer on the scene.  In making your determination, you may consider the severity of the crime, if any, committed by the victim.  You may also consider the extent, if any, to which the victim posed a threat to the safety of the Defendant or to any other person; and the extent, if any, to which the victim was physically resisting arrest or attempting to flee at the time force was used.  If, after

68

considering all the circumstances, you find that the Defendant used unreasonable force against

David Connor Castellani, then you may find that the second element is satisfied.

REQUEST No. 33

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) – Third Element— Willfulness

*(Source: <u>Williams v. United States</u>, 341 U.S. 97, 102 n.1 (1951) (reciting, with approval, trial court's instructions that the jury was "entitled to consider all the attendant circumstances: the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights to be tried by a jury just like everyone else."); <u>Screws v. United States</u>, 325 U.S. 91, 106 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution.  When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees."); <u>United States v. Johnstone</u>, 107 F.3d 200, 209-10 (3d Cir. 1997) (approving instruction: "I instruct you that an act is done willfully if it is done voluntarily and intentionally, and with a specific intent to do something the law forbids, that is, as relevant here, with an intent to violate a protected right."); <u>United States v. Dise</u>, 763 F.2d 586, 590 (3d Cir. 1985) (approving instruction: "I told you that an act is done willfully if it is done voluntarily and intentionally and with a specific intent to do something that the law forbids, that is to say, with a bad purpose to disobey or disregard the law.").*

The third element the Government must prove beyond a reasonable doubt is that the Defendant acted "willfully."  This means the Government must prove beyond a reasonable doubt that the Defendant knew his conduct was unlawful and intended to do something that the law forbids.  That is, to find that the Defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the Defendant acted with a purpose to disobey or disregard the law.  "Willfully" does not, however, require proof that the Defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.  "Willfully" also does not require proof that the defendant knew of the existence and meaning of the statute making the conduct criminal.

**70**

In determining whether the Defendant acted "willfully," you may consider the manner in which any constitutional violation was carried out, and the duration of any constitutional violation.  You may also consider what the Defendant said, what the Defendant did or failed to do, how the Defendant acted, and whether the Defendant knew he was violating laws and policy of the state or Atlantic City Police Department.  You may also consider any other facts or circumstances you deem relevant to shed light on what was in the Defendant's mind at the time.

Also, in considering the Defendant's state of mind, you may find that the Defendant intended the natural and probable results of any acts he knowingly took or that he knowingly failed to take.  In other words, you may infer that the Defendant intended the consequences that a reasonable law enforcement officer, standing in like circumstances and possessing like knowledge, would have expected to result from his actions.  However, it is entirely up to you to decide what facts to find from the evidence.

It is not a defense that the Defendant may also have been motivated by greed, anger, or some other emotion, provided that the intent that I have described to you was present.  You may, however, consider such motivations—as well as any malice displayed by the Defendant—in determining whether the Defendant acted willfully, as I have described that term to you.

71

REQUEST No. 34

Count One – Deprivation of Civil Rights (18 U.S.C. § 242) - Fourth Element— Bodily Injury

*(Source: Modern Jury Instruction 17-5; 18 U.S.C. § 242; 18 U.S.C. § 831(f)(5) (defining "bodily injury" to mean "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ or mental faculty; or (E) any other injury to the body, no matter how temporary"). )*

If you are satisfied that the Government proved the first three elements beyond a reasonable doubt, then you must decide if the Government established beyond a reasonable doubt that the Defendant's unlawful conduct resulted in the bodily injury to David Connor Castellani.

In order to establish that the Defendant's conduct resulted in bodily injury to David Connor Castellani, the Government must prove beyond a reasonable doubt that, but for the Defendant's actions, David Connor Castellani would not have suffered that injury. The Government is not required to prove that the Defendant intended to injure David Connor Castellani.

Bodily injury means any injury, no matter how temporary. Bodily injury includes physical pain, as well as any burn, cut, abrasion, bruise, disfigurement, illness or impairment of a bodily function. The injury need not be significant, severe, or permanent.

72

REQUEST No. 35
Count Two - Falsification of Records – 18 U.S.C. § 1519 – Statute

(*Source: 18 U.S.C. § 1519*)

Count Two of the Indictment charges Sterling Wheaten with falsification of records in a federal investigation, in violation of Title 18, United States Code, Section 1519.

Title 18, United States Code, Section 1519, states in pertinent part:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department of agency of the United States . . . or in relation to or contemplation of any such matter or case . . . shall be [guilty of an offense against the United States].

73

REQUEST No. 36
Count Two - Falsification Of Records – 18 U.S.C. § 1519 – Elements of the Offense

(*Sources:  18 U.S.C. § 1519; United States v. Moyer, 674 F.3d 192, 206-7 (3d Cir. 2012); see Fifth Circuit Pattern Jury Instructions (Criminal) 2.65 (2015) ("Fifth Circuit"); Eighth Circuit, Manual of Model Jury Instructions (Criminal) § 6.18.1519 (2014) ("Eighth Circuit")*).

In order for you to find Sterling Wheaten guilty of falsification of records in a federal investigation as alleged in Count Two of the Indictment, you must find that the Government proved beyond a reasonable doubt each of the following elements:

| | |
|---|---|
| First: | That the Defendant knowingly concealed, covered up, falsified, or made false entries on a document or record; |
| Second: | That the Defendant acted with the intent to impede, obstruct, or influence an investigation or proper administration of any matter or in relation to or in contemplation of any such matter or case; and |
| Third: | That the investigation or matter was within the jurisdiction of a department or agency of the United States. |

74

REQUEST No. 37

Count Two - Falsification Of Records – 18 U.S.C. § 1519 First Element – To Knowingly Falsify
A Document

(*Sources: Third Circuit Model Instruction 5.02; United States v. Jackson, 186 Fed.Appx. 736,
738, 2006 WL 1737193, 1 (9th Cir. 2006)(upholding district court's instruction to jury that the
defendant need not have known that his actions were illegal to fulfill the statutory mens rea
requirement); United States v. Weidner, 437 F.3d 1023, 1037 (10th Cir. 2006) ("Under Section
1005, 'an omission of material information qualifies as a false entry.'") (citations omitted);
United States v. Jackson, 621 F.2d 216, 219 (5th Cir. 1980) ("[a]n omission of material
information as well as an actual misstatement qualifies as a false entry under [Section 1005]");
accord, United States v. Harvard, 103 F.3d 412 (5th Cir. 1997); United States v. Copple, 827
F.2d 1182, 1187 (8th Cir. 1987) ("An omission where an honest entry would otherwise be made
can be a false entry for Section 1005 purposes.")*)


The first element that the Government must prove beyond a reasonable doubt as to Count

Two is that Defendant Sterling Wheaten knowingly concealed, covered up, falsified, or made

false entries in a document or record.  An official police report is a document or record within

the meaning of this statute.  A defendant falsifies or makes false entries in a document by

knowingly including within the document any untrue statement or representation.  A defendant

also may falsify a document by knowingly omitting from the document any material fact.  A fact

is material if it could have influenced a department or agency of the United States' decisions or

activities.  However, proof of actual reliance on the false document, record, or entry by a

department or agency of the United States is not required.

If you find it proven beyond a reasonable doubt that any statement made on a particular

document or record is false or that there was a deliberate omission of material fact, then you

must determine whether the false statement or omission was made "knowingly."  I will define

the term "knowingly" for you in a separate instruction

REQUEST N0. 38
Count Two - Falsification Of Records – 18 U.S.C. § 1519 Second Element – Intent To Impede

*(Sources:*

  *(1)  No Requirement That the Government Prove That an Investigation Was Ongoing or Imminent*

  *SENATE REPORT NO. 107-146, pp. 14-15 (May 6, 2002), 2002 WL 863249 (Leg. Hist.) (Section 1519 is meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation or proper administration of any matter, and such matter is within the jurisdiction of an agency of the United States, or such acts done either in relation to or in contemplation of such a matter or investigation. This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter. It is also sufficient that the act is done "in contemplation" of or in relation to a matter or investigation. It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquiries, regardless of their title.  Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency, are covered by this statute.)*

  *Congressional Research Service, Report for Congress, Obstruction of Justice: An Overview of Some of the Federal Statutes that Prohibit Interference with Judicial, Executive, or Legislative Actions, CRS 65 (December 27, 2007), located at http://www.fas.org/sgp/crs/misc/RL34303.pdf. ("In any event, it seems clear that the conduct which section 1519 proscribes is not limited to conduct that impedes a pending investigation; the obstructed official consideration need be neither pending * * *  nor take the form of an investigation.").*

  *United States v. Ionia Management S.A., 526 F.Supp.2d 319, 329 (D. Conn. 2007) ("In comparison to other obstruction statutes, § 1519 by its terms does not require the defendant to be aware of a federal proceeding, or even that a proceeding be pending.").*

  *United States. v. Kun Yun Jho, 465 F.Supp.2d 618, 636 (E.D. Tex. 2006) ("imposing a requirement that the matter develop into a formal investigation ignores the plain meaning of the statute and the legislative history. All that is required is proof that [the defendant] knowingly made false entries in a document . . . .with the intent to impede, obstruct, or influence the proper administration of any matter within the jurisdiction of the United States [agency]").*

  *(2)  No Need to Prove Actual Interference with Investigation*

  *United States v. Hooks, 2007 WL 2572205, 2 (W.D. Tenn. 2007) ("As the government correctly notes, "materiality" is not an element of § 1519. The Court therefore finds that the*

76

*Defendant's motion to dismiss Count 3 on the basis that any false invoices submitted to the Juvenile Court Clerk's Office were not material is without merit.").*

### (3) No Need to Prove Knowledge of or Intent to Interfere with a Federal Investigation

*United States v. Bell, 113 F.3d 1345, 1351 (3d Cir. 1997) (holding that under 18 U.S.C. § 1512, the government "need not prove any state of mind on the part of the defendant with respect to the federal character of the proceeding or law-enforcement–officer communication that it alleges [the defendant] intended to interfere with or prevent."). United States v. Applewhaite, 195 F.3d 679, 687 (3d Cir. 1999) ("The government did not have to establish that the defendants specifically intended to interfere with a federal investigation.  All that § 1512(b)(B)(3) requires is that the government establish that the defendants had the intent to influence an investigation that happened to be federal.").*

*United State v. Guadalupe, 402 F.3d 409, 414 (3d Cir. 2005) (holding that it can be inferred that defendant believed recipient of communication might communicate with federal authorities due to defendant's experience and knowledge).*

*United States v. Teola, 420 U.S. 671, 685 (1975) (holding that a statute prohibiting the assault of federal officers in the performance of their official duty does not require the government to prove that the defendants know the victims' official status because "[t]he concept of criminal intent does not extend so far as to require that the actor understand not only the nature of his act but also its consequence for the choice of a judicial forum.").*

*United States v. Fontenot, 611 F.3d 734, 737 (11th Cir. 2010) (holding that the plain language of § 1519 does not require the government to prove that the defendant knew that that the investigation would fall within the jurisdiction of the federal government).*

*United States v. Fontenot, 611 F.3d at 737 (Barkett, J., concurring) (noting that Senator Leahy, the co-sponsor of the bill for § 1519, stated that "[t]he fact that a matter is within the jurisdiction of a federal agency is intended to be a jurisdictional matter, and not in any way linked to the intent of the defendant.") (citing 148 Cong. Rec. S1783-01, S7419)).*

The second element that the Government must prove beyond a reasonable doubt is that Sterling Wheaten falsified or made false entries in a document or record with the intent to impede, obstruct, or influence an investigation or the proper administration of a matter.  "Intent" will be defined in a separate instruction.

REQUEST No. 39

Count Two - Falsification Of Records – 18 U.S.C. § 1519 Third Element – Matter Within Agency Jurisdiction

(*Sources:  United States v. Moyer, 674 F.3d 192, 208, 209 (3d Cir. 2012) ("Government need not prove that defendant actually knew that the 'matter' at issue was within the jurisdiction of the federal Government when he falsified documents.") In Moyer, the Third Circuit also rejected the argument that under § 1519 Government needs to prove a sufficient "nexus" between defendant's conduct and the federal investigation, as required by United States v Aguilar, 515 U.S. 593 (1995) and Arthur Andersen LLP v. United States, 544 U.S. 696 (2005). "The text of § 1519 requires only proof that [defendant] knowingly falsified documents and did so with intent to 'impede, obstruct, or influence that investigation or proper administration of any matter that happens to be within federal jurisdiction."  Moyer, 674 F.3d at 209.  United States v. Gray, 642 F.3d 371, 378 (2nd Cir. 2011) ("§ 1519 does not require the existence or likelihood of a federal investigation, nor the defendant's knowledge of a pending federal investigation").  See Fifth Circuit, supra, § 2.65  18 U.S.C. 6 (defining "department" and "agency")).*

The third element that the Government must prove, beyond a reasonable doubt, is that the matter was within the jurisdiction of a department or agency of the United States.

The Federal Bureau of Investigation ("FBI") is a federal agency as that term is used in 18 U.S.C. § 1519.  The FBI has jurisdiction and authority to investigate allegations that individuals have violated the civil rights of others.

Section 1519 is meant not only to prohibit obstruction of ongoing federal investigations, but also to prohibit people from falsifying documents or engaging in other forms of obstruction for the purpose of thwarting a federal investigation before it begins.

The Government need not prove that an FBI investigation of the matter was ongoing—or even imminent—at the time the document was falsified.  The Government also need not prove that the Defendant actually anticipated that there would be a federal investigation of the matter. The Government also need not prove that the Defendant knew that the FBI had jurisdiction to investigate allegations of civil rights violations or that the Defendant's falsification of an official police report actually succeeded in obstructing or influencing a federal investigation.

78

What is essential is that the Government proves that, in providing a false statement for inclusion in an official police report, the Defendant acted with the intent to impede, obstruct, or influence any ongoing or future investigation into those matters which were contained in that police report.

REQUEST No. 40
Motive Explained

*(Third Circuit Model Instruction 5.04)*

Motive is not an element of the offenses with which Sterling Wheaten is charged. Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that Sterling Wheaten is guilty and proof of good motive alone does not establish that Sterling Wheaten is not guilty.  Evidence of Sterling Wheaten's motive may, however, help you find Sterling Wheaten's intent.

Intent and motive are different concepts.  Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

80

REQUEST No. 41
Separate Consideration – Single Defendant Charged with Multiple Offenses

*(Third Circuit Model Instruction 3.12)*

The Defendant Sterling Wheaten is charged with more than one offense; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

**81**

REQUEST No. 42
Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate;
Communication with Court

*(Third Circuit Model Instruction 3.16)*

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:   The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find Sterling Wheaten guilty of an offense, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find Sterling Wheaten not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the Government has proved Sterling Wheaten guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.]*

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a

telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

REQUEST No. 43
Verdict Form

*(Third Circuit Model Instruction 3.17 & 3.18)*

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the Government has proved Sterling Wheaten guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved Sterling Wheaten guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By:    JASON RICHARDSON
R. DAVID WALK, JR.
Assistant United States Attorneys
United States Attorney's Office
District of New Jersey

**85**