UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Renée Marie Bumb |
| v. | : | Criminal No. 18-608 (RMB) |
| STERLING WHEATEN | : | |

**REPLY BRIEF OF THE UNITED STATES IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE DEFENSE EXPERT**

In his response to the motion to exclude his expert, defendant Sterling Wheaten agrees that an expert cannot testify about whether his conduct was reasonable, and Wheaten does not dispute the Government's showing that his expert cannot give his factual findings about what happened. Wheaten contends that his expert should be permitted to testify about whether Wheaten's conduct complied with police policies and practices. Several excessive force cases, including an opinion by Chief Judge Simandle discussed in the Government's brief that Wheaten simply ignores, have excluded expert testimony about whether a defendant complied with police policies. As those courts have reasoned, the issue here is whether Wheaten violated the Fourth Amendment, not whether he violated police policies, and expert testimony would confuse the jury about the issue it must decide and not be helpful. The defense expert should be excluded.

In *Smith v. New Jersey*, 2013 WL 3658786 (D.N.J. July 11, 2013), the Court considered the same matter presented here: a motion *in limine* to exclude a police practices expert. After ruling that the expert's legal conclusions were inadmissible, the Court considered the defendant's argument that the expert should be permitted

1

to testify at trial about whether the defendant's conduct deviated from police policies and standards – the same argument made by Wheaten here. Chief Judge Simandle forcefully rejected that argument: "Most importantly, [the expert's] opinions about 'generally accepted policing practices and standards,' which comprise largely his entire report, *do not fit the issues in this case.*" *Id.* at *5 (emphasis added). The Court explained:

> No issue in this case depends on establishing normal police practices or a deviation therefrom; the standards of conduct are measured by the U.S. Constitution and by the analogous provisions of the New Jersey Constitution. Those provisions do not constitutionalize tort law; whether a particular officer followed accepted police practices is not the inquiry. A policeman may act or react in violation of desirable standards of police conduct without necessarily violating the constitution, and vice versa.

*Id.* The Court therefore granted the motion to exclude the expert's testimony – the same relief the Government requests here.

Several other courts in excessive force cases have barred expert testimony and evidence about police practices. In *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1221-22 (10th Cir. 2005), the court affirmed the exclusion of expert testimony about whether the use of a police dog violated law enforcement standards. The court approved the district court's reasoning that "testimony regarding law enforcement standards was both irrelevant and confusing" because violation of such standards is not a Fourth Amendment violation. *Id.* at 1222. In *McKenna v. City of Philadelphia*, 582 F.3d 447, 462 (3d Cir. 2009), the Third Circuit affirmed a district court's decision to exclude police department directives on use of force, because the court "concluded that the directives had the potential to lead the jury to equate local policy violations with constitutional violations, and that this risk of confusing the

issues substantially outweighed the directives' probative value." *See also Peroza-Benitez v. Smith*, 2019 WL 3548866, at *4 (E.D. Pa. Aug. 2, 2019) (barring expert from testifying about police guidelines on use of force because the "proposed testimony regarding these guidelines is irrelevant and will confuse the issues at trial"); *United States v. Rodella*, 2014 WL 6634310, at *1 (D.N.M. Nov. 19, 2014) (excluding expert testimony "because a violation of a nationally accepted police procedure is not a violation of the Constitution [and] because testimony about nationally accepted police procedures may mislead and confuse the jury into believing that a violation of a nationally accepted police procedure equates to a constitutional violation"), *aff'd*, 804 F.3d 1317 (10th Cir. 2015).[1]

The sole case upon which Wheaten relies is *Fried v. Tetzlaff*, 2014 WL 1095735 (D.N.J. Mar. 19, 2014) (Bumb, J.), but the circumstances there were quite different. The plaintiff brought federal and state claims, including common law claims, and the defendant sought summary judgment based on qualified immunity. In the briefing, defense counsel objected to the expert's legal conclusions but decided not to dispute that the expert could opine about "whether or not the acts and actions of the defendants meet standards established for law enforcement officers." Reply Brief at 5 n.1, Dkt. Item 96, *Fried v. Tetzlaff*, No. 11-cv-2578 (D.N.J. filed Sept. 10, 2013). As a result, this Court never considered a motion to exclude an expert's

---

[1] On occasion, courts outside of this District have allowed experts in civil cases to testify about police practices, but those cases often involve issues not presented in this case, such as common law tort claims, claims of failure to train, and municipal liability claims based on *Monell v. New York City*, 436 U.S. 658 (1978). *See, e.g., Quagliarello v. Dewees*, 802 F. Supp. 2d 620 (E.D. Pa. 2011).

testimony on police practices. It is therefore not surprising that the Court considered this evidence in ruling on qualified immunity – a context very different than deciding whether a jury should hear such testimony. *Fried v. Tetzlaff* therefore provides no support for Wheaten's position.

Wheaten argues that his expert should be permitted to testify about compliance with Atlantic City canine policies because they "were the law, binding upon Wheaten at the time of this deployment," and "the local law governing defendant Wheaten's performance of duty as a canine handler." Brief at 6. That is the position explicitly rejected in *Smith*, which held that the only governing law in an excessive force case is the Constitution: "the standards of conduct are measured by the U.S. Constitution" and not by police practices. 2013 WL 3658786, at *5. Wheaten's planned attempt to use his expert to argue that local policies provide a relevant legal standard by which Wheaten's conduct should be judged shows exactly why his expert should not be permitted to testify.

Wheaten's proposed expert testimony that his conduct complied with canine policies is just a backdoor attempt to have his expert present inadmissible testimony that Wheaten's conduct was reasonable and his use of force not excessive; indeed, the expert's conclusion is that Wheaten "acted . . . within objective/reasonable standards given the totality of the circumstances." Report at 4. The Third Circuit rejected such a maneuver in *Patrick v. Moorman*, 536 F. App'x 255, 258 (3d Cir. 2013) (not precedential), finding that because the expert

4

"essentially opined that Deputy Moorman's actions were unreasonable and about what a reasonable officer would have done," his testimony was properly excluded.

The Government expects to offer evidence, solely on the question of willfulness, about the training Wheaten received, including his training in use of force policies, but that will not make Dr. Ferland's testimony relevant or admissible. As is explained at length in *United States v. Proano*, 912 F.3d 431 (7th Cir. 2019), "evidence of training that the officer actually received can be relevant to his state of mind" even though the standards on which he was trained are inadmissible to show his use of force was reasonable. *Id.* at 439-40. *Proano* approved an instruction telling the jury not to consider training evidence to decide whether the use of force was reasonable, but to consider the training evidence to decide what the defendant intended. 912 F.3d at 440. Similarly, in *United States v. Rodella*, 804 F.3d 1317, 1337-38 (10th Cir. 2015), the court affirmed the district court's decision to admit training evidence as it was relevant to willfulness – and that same district court, cited above, excluded expert testimony about whether the defendant acted contrary to accepted police practices. *United States v. Rodella*, 2014 WL 6634310, at *1. And *United States v. Krug*, 2019 WL 336568, at *7-8 (W.D.N.Y. Jan. 28, 2019), first excluded defense expert testimony about whether the defendant complied with use of force policies, but then permitted fact witness testimony about the use of force training provided to the defendant "for the limited purpose of showing defendant's knowledge and experience at the time of the incidents in question." The training, the court held, was relevant to willfulness. *Id.*

5

That fact witnesses may give testimony, limited to the issue of willfulness, about the training Wheaten actually received does not make Dr. Ferland's opinions admissible. Dr. Ferland has no personal knowledge about what training Wheaten actually received; only Atlantic City police department fact witnesses can testify about that issue. This evidence is relevant only to willfulness, and Dr. Ferland is not an expert in Wheaten's mental state. Nor, for that matter, is he an expert in Atlantic City policies; he is a retired New Hampshire police chief with no specialized knowledge about what the Atlantic City drafters of those policies meant or how those policies are taught and applied in Atlantic City. His testimony is inadmissible.

## CONCLUSION

The motion of the United States to exclude defense expert David Ferland's proposed testimony should be granted.

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

By:   JASON M. RICHARDSON
      R. DAVID WALK, JR.
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this day I caused to be served, via the Court's Electronic Filing System, a copy of the foregoing Reply Brief of the United States in Support of Motion *In Limine* to Exclude Defense Expert on:

| | |
|---|---|
| Stacy Ann Biancamano, Esquire | Louis M. Barbone, Esquire |
| Biancamano Law, LLC | Jacobs & Barbone, P.A. |
| 312 North Avenue East, Suite 7 | 1125 Pacific Avenue |
| Cranford, New Jersey 07016 | Atlantic City, New Jersey 08401 |

Attorneys for Defendant Sterling Wheaten

*s/R. David Walk, Jr.*
R. DAVID WALK, JR.
Assistant U.S. Attorney

Dated: October 6, 2021