[Docket Nos. 53, 74, and 95]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Crim No. 18-608 (RMB) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : | **ORDER** |
| STERLING WHEATEN, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

This matter comes before the Court on three motions: (1) the Government's Motion in *Limine* [Docket No. 53]; (2) the Government's Motion in *Limine* Regarding Defense Opening Statement [Docket No. 74]; and (3) the Government's Motion to Exclude Defense Expert [Docket No. 95]. For the reasons set forth in this Order, as well as for reasons the Court will further provide on the record, if necessary, the Court rules as follows: No. 53 is denied, in part, granted, in part, and reserved, in part; No. 74 is denied; and No. 95 is denied, without prejudice.

First, as to Nos. 74 and 95, Defendant correctly points out that this Court has previously determined that expert testimony regarding a police officer's use of force as "contrary to generally accepted practices and procedures for law enforcement officers" is proper evidence to be considered. [Docket No. 97, at 12 (citing *Fried v. Tetzlaff*, No. 11-2578 (RMB/KMW), 2014 WL 1095735, at *10 (D.N.J. Mar. 19,

2014)).]  Such expert testimony, however, "becomes impermissible" once it constitutes a <u>legal conclusion</u> that a police officer's "actions were unreasonable and about what a reasonable officer would have done," as such conclusory statements in the context of the use of force by the police are "practically interchangeable with excessiveness." *Patrick v. Moorman*, 536 Fed. Appx. 255, 258 (3d Cir. 2013) (citations omitted).  Thus, Defendant must carefully toe this line in introducing the testimony of its expert witness, Dr. David Ferland.  Exercising caution, the Court will require Defendant to "preview" its statements regarding the findings of Dr. Ferland in the opening statement (Defendant may do so after the Government's opening statement).  Defendant is permitted to elicit testimony from Dr. Ferland at trial, again, provided it does not cross the line and become a legal conclusion.  The parties are forewarned that the introduction of impermissible testimony could lead to a mistrial.  *See U.S. v Malik*, 424 Fed. Appx. 122, 127 (3d Cir. 2011) (explaining the factors considered on appeal in determining if "a mistrial is appropriate for prejudicial witness testimony" in connection with the "aborted testimony" of an expert witness) (citations omitted).  The Government's Motion in *Limine* Regarding Defense Opening Statement [Docket No. 74] and Motion to Exclude Defense Expert [Docket No. 95] are denied.

As to No. 53, the Court will grant the Government's Motion in *Limine*, without prejudice, with respect to testimony regarding David Castellani's conduct before Defendant arrived at the scene of Mr. Castellani's arrest.  The Court notes, however, that such evidence is not inadmissible *per se*, and may be permitted at a

later stage if the defense demonstrates to the Court how such evidence goes to the knowledge of Defendant or to discredit the testimony of a witness who testifies at trial.

As to No. 53, the Court will grant the Government's Motion in *Limine* with respect to Defendant's ability to introduce his own out-of-court statements made before the grand jury and during his FBI interview. Such statements are generally not permitted by the defense. However, the Court acknowledges Defendant's argument that such evidence may be permissible under the rule of completeness. The Court will rule on any such argument as it is made by Defendant in time.

As to No. 53, the Court denies the Government's Motion in *Limine* with respect to the testimony of Charlie Meshloh, Ph.D. The Court is not persuaded that Dr. Meshloh's finding that Defendant's conduct "does not rise to the level of a criminal act and perhaps not even to the level of a civil action" constitutes a legal conclusion as alleged by the Government. [Docket No. 53, at 14.] Such statement only offers Dr. Meshloh's opinion of what Defendant's conduct is not and stops short of reaching a legal conclusion. Again, context matters. *See U.S. v. Watson*, 260 F.3d 301, 309 (3d Cir. 2001) (explaining that "[i]t is only as to the last step in the inferential process that [the Federal Rules of Evidence] comman[d] the expert to be silent"). Thus, at trial, the Court will not permit any expert witness to testify as to Defendant's ultimate guilt or innocence of the crimes with which he has been charged. For instance, Meshloh could not testify that Defendant is not guilty of violating the law. [Docket No. 53-3, at Exhibit G.] However, as previously

3

discussed, testimony with respect to whether Defendant was acting in accordance with established practices and procedures for police officers is not only permissible, but also important evidence for the jury to consider.  Dr. Meshloh's written findings, on their face, appear to concern the latter category.

As to No. 53, the Court reserves on the Government's Motion in *Limine* with respect to improper character evidence.

As to No. 53, the Court grants the Government's Motion in *Limine* with respect to references to punishment or adverse collateral consequences of conviction.

As to No. 53, the Court reserves on the Government's Motion in *Limine* with respect to treating potentially hostile witnesses as such.

As to No. 53, the Court previously ruled on the Governments Motion in *Limine* with respect to directing law enforcement officers who attend trial not to wear uniforms or other indica of their employment, which is denied.

For the reasons set forth above;

**IT IS** on this **7th** day of **October 2021** hereby

**ORDERED** that (1) the Government's Motion in *Limine* [Docket No. 53], is **denied**, in part, **granted**, in part, and **reserved**, in part; (2) the Government's Motion in *Limine* Regarding Defense Opening Statement [Docket No. 74] is **denied**; and (3) the Government's Motion to Exclude Defense Expert [Docket No. 95] is **denied**.

October 7, 2021                          s/ Renée Marie Bumb
Date                                     Renée Marie Bumb
                                         United States District Judge

4