UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    Plaintiff

v.

STERLING WHEATEN,

    Defendant

Criminal No. 18-cr-608 (RMB)

DEFENDANT'S OBJECTIONS ANDS REQUESTS FOR MODIFICATIONS TO THE GOVERNMENT'S REQUEST TO CHARGE

Louis M. Barbone, Esquire (N.J. Attorney ID# 014891986)
JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
lbarbone@jacobsbarbone.law

Stacy Ann Biancamano, Esquire
Biancamano Law LLC
312 North Avenue East, Suite 7
Cranford, NJ 07016
sbiancamano@biancamanolaw.com
Attorneys for defendant Sterling Wheaten

1. OBJECTION TO GOVERNMENT'S REQUEST #26 – "WILLFULLY" DEFINED.

Defendant objects to "willfully" being defined separately and divorced from the Court's instruction on willfulness, within the Government's Request #33, Count 1 – deprivation of civil rights (18 U.S.C. §242) – third element – willfulness. The definition of willfulness contained in the Government's Request #33 duplicates and exceeds the definition of willfulness proposed by the Government in Request #26. Defendant respectfully submits that the definition is properly instructed as an element of the offense and recharging it independently is neither necessary nor advisable. It is thoroughly defined and explained in Request #32 and to define it independently places undue emphasis upon it.

2. THE GOVERNMENT'S REQUEST #27 – "KNOWINGLY".

Defendant does not object to the Government's Request to Charge #27, but respectfully submits that it should immediately follow the Government's Request #37, which specifically references the definition of knowingly "in a separate instruction". In essence, Request #27 should be given as Request #37a.

3. GOVERNMENT'S REQUEST #28 – "INTENTIONALLY".

For the same reasons set forth above, the Court's definition of "intentionally" should immediately follow the Government's Request #38 – Intent to Impede. Indeed, the instruction on page 77 notes that "intent" will be defined in a separate instruction. As such, intentionally should be charged and organized as Request #38a.

4. GOVERNMENT'S REQUEST #30.

Page 64 of the Government's Request #30 contains the "first", "second", and "third" elements. Defendant requests modification of the Government's "second" element (Request #30, page 64) to make it conform with the elements as initially charged to the jury and within the Government's Request #12 (page 24). Specifically, the "second" element should be defined precisely the same as follows:

> That in doing so, the defendant deprived, or caused to be deprived David Connor Castellani, of his rights secured or protected by the Constitution and laws of the United States – that is, the right to be free from unreasonable seizure and the right to be free from the use of unreasonable force; and ...

5. GOVERNMENT'S REQUEST #30 – "FOURTH" ELEMENT, PAGE 65.

Defendant respectfully submits that the final paragraph of the Government's Request #30 on page 65 be modified to conform with the "fourth element – bodily injury instruction", Request #34, specifically as follows:

> If you are convinced beyond a reasonable doubt that the Government proved the additional element, say so by indicating such on the verdict form. If you have a reasonable doubt that but for the defendant's actions, bodily injury would not have been suffered, then you must find that the Government has not proven that fact and so indicate on the verdict form.

6. GOVERNMENT'S REQUEST #32 – SECOND ELEMENT – DEPRIVATION OF A FEDERAL RIGHT.

On page 68 of the Government's Request to Charge, defendant requests modification of the second paragraph as follows:

> An officer may not use force solely to punish, retaliate against, or seek retribution against another person. An officer may not use force merely because an arrested person questions an officer's authority, insults the officer, uses profanity, or otherwise engages in verbal provocation – unless the force is otherwise objectively reasonable at the time it is used.

Defendant submits that the final phrase is for the purpose of clarifying the use of lawful force and should be read in conjunction with the immediately preceeding sentence. Defendant's request is based on the fact that the sentence is identifying certain actions by the suspect that are insufficient to justify the use of force and those examples should be conditioned on the understanding that when viewed in the totality, force may nonetheless be required if deemed objectively reasonable at the time a suspect may also be verbally resisting.

7. GOVERNMENT'S REQUEST #32 – SECOND ELEMENT – DEPRIVATION OF A FEDERAL RIGHT.

The Government's Request #32, namely the third paragraph on page 68, should be supplemented as follows:

> In determining whether the force used is reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified – even seconds later – if the objective justification for the initial use of force has been eliminated. As such, you must determine whether the force used, whenever it is used, was objectively reasonable. You must also keep in mind that reasonableness includes allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary in a particular situation.[1]

8. GOVERNMENT'S REQUEST #33 – THIRD ELEMENT – WILLFULNESS.

On the Government's Request #33, specifically on page 71 and within the context of the first paragraph, defendant requests the following supplementation:

> In determining whether the defendant acted "willfully", you may consider the manner in which any constitutional violation was carried out, and the duration of any constitutional violation. You may also consider what the defendant said, what the defendant did or failed to do, how the defendant acted, and whether the defendant knew he was violating the laws and policies of the State or of the Atlantic City Police Department. Although a

---

[1] Graham v. Connor, 490 U.S. 386 at 396 (1989).

violation of the laws and policies of the State or the Atlantic City Police Department is not necessarily a violation of a person's constitutional rights, such violations may be used as a factor.  Likewise, compliance with law and the policies of the Atlantic City Police Department may be used as a factor in your determination of reasonableness.  You may also consider any other facts or circumstances you deem relevant to shed light on what was in the defendant's mind at the time.

            Respectfully submitted,

            Jacobs & Barbone, PA

            /s/ Louis M. Barbone


            Biancamano Law LLC

            /s/ Stacy Ann Biacamano

Dated: 10/12/21