UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA     :     Hon. Renée Marie Bumb

v.                        :     Criminal No. 18-608 (RMB)

STERLING WHEATEN         :

**BRIEF OF THE UNITED STATES IN SUPPORT OF MOTION IN LIMINE
TO DEFINE THE SCOPE OF EXPERT TESTIMONY
AND EXCLUDE REPORT OF EXPERT WHO WILL NOT TESTIFY**

On October 7, 2021, the Court held that defense counsel can present expert testimony about whether a police officer's use of force is contrary to generally accepted police practices and procedures for law enforcement officers, but cannot have an expert testify about whether an officer's actions were reasonable or unreasonable. Order at 1-2 [Docket No. 100]. The Court stated that this area required the exercise of caution to avoid a mistrial. *Id.* The United States moves to define further the scope of the defense expert's testimony. The Government also asks the Court to rule before trial on the related question of whether the expert report of Charlie Mesloh, Ph.D, will be admitted into evidence now that the Government has decided not to call him to testify at trial.

> **The Defense Expert Should Not Be Permitted to Testify About What Happened, and His Opinions Should Be Elicited by Hypothetical Questions.**

Courts that have permitted testimony by a police procedures expert in excessive force cases have considered the scope of the testimony and the manner of the examination. Courts have held that the expert cannot testify about what happened or give other factual findings. After testifying about qualifications and

1

police policies, these courts have held, the expert's opinions must be elicited by

asking the expert to assume certain facts and to give opinions based on the

hypothetical facts.

A leading example is *Jackson v. City of Pittsburgh*, 2010 WL 3222137 (W.D.

Pa. Aug. 13, 2010).  The court there held, as this Court has, that the use-of-force

expert could testify about police procedures and policies, but the expert could not

testify about whether the use of force was reasonable.  *Id.* at \*14-15.  The court then

considered the permissible scope of the expert's testimony and the manner in which

the expert would be examined.  The court held that the expert could not testify

about the facts, because "[c]redibility assessments are left solely for the jury to

decide" and his findings about the facts would "impinge on the jury's function."  *Id.*

at \*14.  Instead, the court held:

> his opinions can be presented at trial if they are offered in response to
> properly formulated hypothetical questions.  Said hypothetical questions
> must be founded on facts already in evidence and they must not be phrased
> in a manner requesting that the expert testify on the ultimate legal issue of
> whether the force used by the officers was "reasonable."

*Id.* at \*15.  The court then outlined the permitted scope of the expert's testimony:

> (1) His knowledge, experience and extensive law enforcement background;
>
> (2) The standardized police procedures at issue in this case . . .; and,
>
> (3) Whether the Defendants' use of force was in accord with the standardized
> police procedures given the facts of this case (properly presented to him by
> way of a hypothetical question).

*Id.*

Other cases are in accord; indeed, they often follow *Jackson's* three-part

standard to define the permitted scope of the expert's testimony.  *See, e.g., Nye v.*

2

*Mistick*, 2015 WL 11511580, at *6 (M.D. Pa. Feb. 24, 2015) (barring expert

testimony about the facts or reasonableness but permitting expert to testify about

qualifications, police procedures, and whether conduct was in accord with police

procedures, based on hypothetical questions); *Williams v. Weaver*, 2011 WL 4923607

at *3 (E.D. Pa. Oct. 17, 2011) (same); *Stern v. Shammas*, 2015 WL 4530473 at *5

(E.D.N.Y. July 27, 2015) (barring expert from testifying about credibility or whether

actions were reasonable but permitting expert testimony, based on assumed facts,

about whether defendant complied with police standards); *Aquino v. County of*

*Monterey Sheriff's Dep't*, 2018 WL 3548867 at *2 (N.D. Cal. July 24, 2018) (barring

expert from testifying about disputed facts or legal conclusions but permitting

expert testimony about whether police procedures were followed based on

hypothetical questions); *see also United States v. Shin*, 2012 WL 1377597, at *3

(D.N.J. Apr. 18, 2012) (Bumb, J.) (expert testimony inappropriate for factual issues

jury can decide on its own); *Holliday v. City of Elizabeth*, 2018 WL 953346, at *16

(D.N.J. Feb. 20, 2018) (barring expert's findings about hotly disputed facts in

excessive force incident because those facts "are not subject to expert testimony;

they are classic factual issues for the jury to decide").

Based on these authorities, the Government respectfully requests that the

Court rule that Dr. Ferland is not permitted to give his opinions about the facts,

including any of his factual "findings" stated in his report. In other words, he

should be barred from testifying about what happened on June 15, 2013, what

anyone did or said, or what Wheaten thought or believed. Instead, his testimony

should be confined to the three areas defined by *Jackson* and the cases that followed it: (1) his background and experience; (2) relevant police procedures and policies; and (3) opinions, given in response to hypothetical questions, about whether the conduct detailed in the hypothetical questions was in accord with police procedures and policies.  For this last area, defense counsel (and counsel for the United States) must ask the expert to assume certain facts about Wheaten's conduct are true.  Counsel then can ask him if the actions of Wheaten in this assumed scenario were or were not contrary to generally accepted practices and procedures for law enforcement officers.  In answering, Dr. Ferland must stick to the assumed facts and may not volunteer any testimony about what he thinks actually happened on June 15, 2013.

**The Mesloh Report is Inadmissible Hearsay.**

The Government's First Motion *in Limine* [Docket No. 53] asked the Court to bar opinion testimony by Dr. Mesloh (or a defense expert) about whether Wheaten's conduct violated Castellani's civil rights.  In the October 7 Order, the Court denied the motion, ruling that Dr. Mesloh could testify about compliance with police practices but could not testify about Wheaten's guilt or innocence.  Order at 3-4. After being advised that the Government does not intend to call Dr. Mesloh as a witness, defense counsel has suggested that Wheaten may offer Dr. Mesloh's report into evidence.

Dr. Mesloh's report is hearsay and inadmissible.  The law is clear in the Third Circuit that "expert reports constitute inadmissible hearsay and, thus, cannot be introduced at trial."  *Takeda Pharmaceuticals USA, Inc. v. Spireas*, 2019 WL

4

9596536 at 1 n.1 (E.D. Pa. Sept. 4, 2019); *see also, e.g., State of New Jersey v. Haig's Serv. Corp.*, 2016 WL 4472952 at \*3 (D.N.J. Aug. 24, 2016) ("expert reports would be inadmissible hearsay at trial"); *Transcontinental Gas Pipe Line Co. v. Permanent Easement for 2.59 Acres*, 2019 WL 5622455 at \*2 & n.15 (M.D. Pa. Oct. 31, 2019) (expert report is inadmissible hearsay if expert is not called as a witness).  The fact that the report was prepared at the request of the United States does not make it admissible as a statement of a party opponent under Fed. R. Evid. 801(d)(2).  *See, e.g., Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) (expert witness is not an agent of the party that retains the expert, and prior statement of party's expert is hearsay and not admissible against the party under Fed. R. Evid. 801(d)(2)(C)); *Pernix Ireland Pain DAC v. Alvogen Malta Operations Ltd.*, 316 F.Supp.3d 816, 819-26 (D. Del. 2018) (in the Third Circuit, expert reports are hearsay and not admissible under Fed. R. Evid. 801(d)(2)(B), (C), or (D)).  The Mesloh report should not be admitted into evidence, and defense counsel should be barred from discussing the Mesloh report during opening statement.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By:    JASON M. RICHARDSON
       R. DAVID WALK, JR.
Assistant United States Attorneys

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this day I caused to be served, via the

Court's Electronic Filing System, a copy of the foregoing Brief of the United States

In Support of Motion In Limine to Define the Scope of Expert Testimony and

Exclude Report of Expert Who Will Not Testify on:

Stacy Ann Biancamano, Esquire
Biancamano Law, LLC
312 North Avenue East, Suite 7
Cranford, New Jersey 07016

Louis M. Barbone, Esquire
Jacobs & Barbone, P.A.
1125 Pacific Avenue
Atlantic City, New Jersey 08401

Attorneys for Defendant Sterling Wheaten

<u>*s/R. David Walk, Jr.*</u>
R. DAVID WALK, JR.
Assistant U.S. Attorney

Dated: January 3, 2022

6