UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Renée Marie Bumb |
| v. | : | Criminal No. 18-608 (RMB) |
| STERLING WHEATEN | : | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S OBJECTIONS AND REQUESTS FOR MODIFICATIONS TO THE GOVERNMENT'S REQUESTS TO CHARGE**

On October 12, 2021, defendant Sterling Wheaten filed objections and requests for modifications to some of the Government's Requests to Charge. Wheaten's objections and requests for modifications were contained in eight numbered paragraphs. The Government responds to them below in correspondingly numbered paragraphs.

**1.    Objection to Government's Request No. 26 – "Willfully" Defined**

The Government agrees that Request No. 26, found on page 60 of the Government's Requests, is duplicative of Request No. 33 on pages 70-71. The Government has no objection to deleting Request No. 26.

**2.    Government's Request No. 27 – "Knowingly"**

The Government does not object to Wheaten's request to move the instruction defining "knowingly," currently Request No. 27 on page 61, to follow Request No. 37 on page 75.

1

### 3. Government's Request No. 28 – "Intentionally"

The Government also does not object to Wheaten's request to move the instruction defining "intentionally," currently Request No. 28 on page 62, to follow Request No. 38 on pages 76-77.

### 4. Government's Request No. 30

The Government does not agree with Wheaten's request to modify the second element in Request No. 30 (page 64) to change "the right to be free from unreasonable seizure, which includes the right to be free from the use of unreasonable force" to "the right to be free from unreasonable seizure and the right to be free from the use of unreasonable force." The Fourth Amendment's text states that it protects "the right of the people to be secure in their persons . . . against unreasonable . . . seizures . . . ." The text does not contain the term "unreasonable force." As the Supreme Court explained in *Graham v. Connor*, 490 U.S. 386, 395 (1989), the right to be free from the use of unreasonable force is included within the right to be free from unreasonable seizures. Request No. 30 is therefore the most accurate description of the right at issue.

Wheaten correctly points out that the second element is described inconsistently in Request No. 12 (page 24) and Request No. 30 (page 64). Request No. 12 should be corrected to read as follows:

> Second: That in so doing, the Defendant deprived, or caused to be deprived, David Connor Castellani, of his rights secured or protected by the Constitution of the United States – that is, the right to be free from unreasonable seizure, which includes the right to be free from the use of unreasonable force; and

### 5.     Government Request No. 30 – Fourth Element, Page 65

Section 242 of Title 18 provides that "*if bodily injury results* from the acts committed in violation of this section" (emphasis added), the defendant may be imprisoned for up to 10 years.  This fourth element is stated on the top of page 65: "Fourth:  That the Defendant's conduct *resulted in bodily injury* to the Victim David Connor Castellani."  (Emphasis added)  The instruction following this element tracks the language of the fourth element and the statute and instructs the jury:  "If you have a reasonable doubt that the Defendant's conduct *resulted in bodily injury*, then you must find that the Government has not proven that fact and so indicate on the verdict form."  (Emphasis added)

Wheaten wants to change the quoted sentence in the instruction to incorporate a portion of Request No. 34 (page 72), which defines this element.  The Government objects to this proposed change, which is unnecessary and potentially confusing without the balance of the instruction in Request No. 34.  The Government submits that Request No. 30 is clear and legally correct and should remain as written.

### 6.     Government's Request No. 32 – Second Element – Deprivation of a Federal Right

Request No. 32 correctly instructs: "An officer may not use force *merely* because an arrested person questions an officer's authority, insults the officer, uses profanity, or otherwise engages in verbal provocation."  (Emphasis added)  Wheaten wants to add to that correct sentence the following phrase:  "—unless the force is otherwise objectively reasonable at the time it is used."  That addition is

3

inconsistent and confusing – if an officer uses force *merely*, *i.e.*, only, because of verbal provocation, then the force cannot be objectively reasonable, as it was not based on the circumstances. And the proposed addition is unnecessary, as the balance of Request No. 32 instructs the jury to consider all the facts and circumstances in deciding whether the use of force was reasonable. The Court should not adopt Wheaten's proposed addition.

       7.     **Government Request No. 32 – Second Element – Deprivation of a Federal Right**

Wheaten proposes to add the following two sentences to Request No. 32, at the end of the third paragraph on page 68:

> As such, you must determine whether the force used, whenever it is used, was objectively reasonable. You must also keep in mind that reasonableness includes allowance for the fact the police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary in a particular situation.

The first sentence is unnecessary, as the idea communicated – that the force must be objectively reasonable – is already stated repeatedly in the instruction, including in the two sentences that precede the proposed addition. Wheaten's second sentence is lifted almost verbatim from *Graham v. Connor*, 490 U.S. 386, 396-97 (1989), but with changes that modify the meaning. The Government has no objection to including the actual sentence from *Graham v. Connor*:

> The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*See Graham*, 490 U.S. at 396-97.

### 8.      Government Request No. 33 – Third Element -- Willfulness

Wheaten proposes inserting the following two sentences[1] into the definition of willfulness on page 71:

> Although a violation of the laws and policies of the State or the Atlantic City Police Department is not necessarily a violation of a person's constitutional rights, such violations may be used as a factor.  Likewise, compliance with law and the policies of the Atlantic City Police Department may be used as a factor in your determination of reasonableness.

The Government objects to this addition to the *willfulness* instruction because it tells the jury to consider violations of law and Police Department policies both (a) "as a factor" in determining whether David Connor Castellani's rights were violated and (b) "as a factor in your determination of *reasonableness*," a concept that is part of the second element, not the third element of willfulness.

(a) The jury instruction on the third element of willfulness should not instruct the jury to "use[]" violations of state or local laws or policies "as a factor" in determining whether Mr. Castellani's constitutional rights were violated, which is the second element.  As the Third Circuit stressed in *McKenna v. City of Philadelphia*, 582 F.3d 447, 462 (3d Cir. 2009), the jury should not confuse "local policy violations with constitutional violations."  *See also Smith v. New Jersey*, 2013 WL 3658786, at *5 (D.N.J. July 11, 2013).  Mr. Castellani's rights are defined in the Constitution, and it would be an error of law to instruct the jury that local policy

---

[1] The first two sentences of Wheaten's requested instruction are the same as the first two sentences of the paragraph at the top of page 71 in the Government's proposed instructions.  And the last sentence in Wheaten's requested instruction is the same as the last sentence of that paragraph.

violations are a "factor" in determining whether Mr. Castellani's constitutional rights were violated.

(b) The second sentence quoted above would instruct the jury to consider violations of the law and policies as a factor in determining reasonableness, but reasonableness of the use of force is part of the second element, not the willfulness element. The Government agrees with Wheaten that violations of state law and Atlantic City Police Department policies are relevant, but those violations are relevant only to willfulness, as is stated in the first two sentences at the top of page 71 in the Government's proposed instructions. To accommodate Wheaten's request, the Government suggests modifying the second sentence quoted above to read as follows and inserting it as the third sentence of the paragraph at the top of page 71:

> Compliance with law and the policies of the Atlantic City Police Department may be used as a factor in your determination of willfulness.

## CONCLUSION

The United States respectfully requests that the Court make its proposed modifications to the jury instructions and reject defendant Sterling Wheaten's other proposed modifications.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By:   JASON M. RICHARDSON
        R. DAVID WALK, JR.
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day I caused to be served, via the Court's Electronic Filing System, a copy of the foregoing Response of the United States to Defendant's Objections and Requests for Modifications to the Government's Requests to Charge on:

| | |
|---|---|
| Stacy Ann Biancamano, Esquire | Louis M. Barbone, Esquire |
| Biancamano Law, LLC | Jacobs & Barbone, P.A. |
| 312 North Avenue East, Suite 7 | 1125 Pacific Avenue |
| Cranford, New Jersey 07016 | Atlantic City, New Jersey 08401 |

Attorneys for Defendant Sterling Wheaten

*s/R. David Walk, Jr.*
R. DAVID WALK, JR.
Assistant U.S. Attorney

Dated: January 27, 2022