Louis M. Barbone, Esquire (N.J. Attorney ID# 014891986)
JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
lbarbone@jacobsbarbone.law

Stacy Ann Biancamano, Esquire
Biancamano Law LLC
312 North Avenue East, Suite 7
Cranford, NJ 07016
sbiancamano@biancamanolaw.com
Attorneys for defendant Sterling Wheaten

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br>v.<br><br>STERLING WHEATEN,<br><br>    Defendant | Criminal No. 18-cr-608 (RMB)<br><br>DEFENDANT'S BRIEF IN RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO DEFINE THE SCOPE OF EXPERT TESTIMONY AND EXCLUDE ANOTHER EXPERT'S REPORT |

    The Government's Motion in Limine seeks to (1) limit the opinions of the defendant's expert to compliance with police practices and procedures and to confine those opinions in the context of answering hypothetical questions; and (2) to exclude the expert report of Dr. Mesloh.

    The Court's Decision and Order on October 7, 2021 was clear and the concerns of the Government already addressed. Nonetheless, and as confirmed below there is no dispute with regard to either the scope of Dr. Ferland's testimony or the required methodology for its presentation.

## LEGAL ARGUMENT

### POINT I

DEFENDANT'S EXPERT MAY TESTIFY ON THE ACCEPTED POLICE PRACTICES AND PROCEDURES REGARDING THE USE OF A CANINE, AS WELL AS HIS OPINIONS PROVING COMPLIANCE WITH THOSE STANDARDS PURSUANT TO HYPOTHETICAL QUESTIONS FOUNDED UPON THE FACTS IN EVIDENCE.

This Court has already held that an expert may not invade the province of the Court or jury by opining on the applicable legal standard of reasonableness or by opining on the credibility or intent of defendant or witnesses. It is unnecessary and inappropriate for an expert to opine on the defendant's intent because that is the province of a jury without regard to anyone else's conclusions. Padillas v. Stork-Game Co., Inc., 186 F.3d 412, 415-16 (3d Cir. 1999). Likewise, it is not the function of the expert to opine on the ultimate issue of the reasonableness of force. Fed. R. Evid. 704(b).

Instead, the three-prong methodology articulated by the Court in Jackson v. City of Pittsburgh, 2010 W.L. 3222137 (W.D. Pa. August 13, 2010) should control.

The Government however, goes further by combining what it calls Dr. Ferland's "opinion about the facts" (Government's brief, p3) and "what happened on June 15, 2013") (ibid.) in an apparent attempt to further clarify what would run afoul of the aforenoted principles.

Defendant does not intend to elicit Dr. Ferland's "opinions about the facts", his conclusions about "what happened June 15, 2013" or what he thinks "Wheaten thought or believed". Defendant intends to confine the testimony of Dr. Ferland by way of hypothetical questions to his opinions "on a particular version of the disputed facts",

Walker v. Gordon, 46 Fed. Appx. 691, 695-96 (3d Cir,. 2002), leaving the weight to be accorded that opinion to the jury. Those opinions will:

> ...be presented at trial ... in response to properly formulated hypothetical questions. Said hypothetical questions [will] be founded on facts already in evidence and they [will] not be phrased in a manner requesting the expert testify on the ultimate legal issue of whether the force used by the officers was "reasonable".

Jackson, *15.

## POINT II

### DEFENDANT DOES NOT ARGUE OR INTEND TO ADMIT THE REPORT OF DR. MESLOH.

The Government's second application appears based on the erroneous conclusion that "defense counsel has suggested that Wheaten may offer Dr. Mesloh's report instead". If Dr. Mesloh is not a witness at trial, his report is inadmissible hearsay.

Respectfully submitted,

Jacobs & Barbone, PA

/s/ Louis M. Barbone

Dated: 2/2/22