

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

PHILIP R. SELLINGER
United States Attorney

R. DAVID WALK, JR.
Assistant United States Attorney

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856.757.5164
401 Market Street, 4th Floor                Fax: 856.968.4917
Post Office Box 2098
Camden New Jersey 08101-2098

February 2, 2022

Honorable Renée M. Bumb
United States District Judge
Mitchell H. Cohen Federal Building
  & Courthouse
4th and Cooper Streets
Camden, New Jersey 08102

     Re:    <u>United States v. Sterling Wheaten, Crim. No. 18-608 (RMB)</u>

Dear Judge Bumb:

     Please accept this letter in lieu of a more formal document as the Government's motion for reconsideration of the Court's February 1, 2022 text order ruling on the Defendant's eighth objection to the proposed jury charges. The February 1 order states that "the Government concedes that violations of state law and Atlantic City Police Department policies are relevant to the jury's determination of reasonableness," citing page 5 of the Government's response to the defendant's objections to the jury charges ("Gov't Response"). The Court then orders the Government to state whether it consents to a corresponding modification of the jury charge.

     The Government respectfully disagrees that it conceded that violations of state law and Atlantic City Police Department policies are relevant to the jury's determination of reasonableness; in fact, the Government objected to an instruction stating that such violations are relevant to reasonableness. Because the Government apparently did not communicate its position clearly, it will be explained at greater length. At issue are the Government's proposed jury charges to the civil rights count, and specifically the charge on the second element, deprivation of a federal right (Request No. 32) and the charge on the third element, willfulness (Request No. 33). The central question for the jury in the second element is whether Wheaten "depriv[ed] David Connor Castellani of the right to be from *unreasonable* seizures . . . , which includes the right to be free from the use of *unreasonable* physical force during an arrest . . . ." (Emphasis added) The balance

1

of the instruction on the second element instructs the jury about reasonableness and uses the term "reasonableness" and "reasonable" repeatedly.

The jury charge on the third element of willfulness, by contrast, does not discuss reasonableness; it instructs the jury how to determine whether "the Defendant knew his conduct was unlawful and intended to do something that the law forbids." (Request No. 33)

Wheaten's eighth objection proposed inserting two sentences into the willfulness instruction, and the proposed insertion would have told the jury that violations of law and policies are a "factor" to use "in your determination of reasonableness." As explained above, reasonableness is not a concept that is part of the willfulness instruction, and therefore it would not make sense to tell the jury in the willfulness instruction about reasonableness. In its filing, the Government therefore stated that it "objects to this addition to the *willfulness* instruction because it tells the jury to consider violations of law and Police Department policies . . . 'as a factor in your determination of *reasonableness,*' a concept that is part of the second element, not the third element of willfulness." Gov't Response at 5. This statement by the Government, a portion of which is quoted in the text order, is not a concession that violations of state law and Atlantic City Police Department policies are relevant to the jury's determination of reasonableness; to the contrary, the Government stated that it "objects" to instructing the jury to consider violations of law and Police Department policies as a factor in determining reasonableness.

The balance of the Government's Response then explained its objection that violations of state law and police department policies are not relevant to reasonableness. The Government ended the first part of its explanation by stating that "it would be an error of law to instruct the jury that local policy violations are a 'factor' in determining whether Mr. Castellani's constitutional rights were violated." Govt' Response at 5-6. The Government's second point reiterated that it would be error to instruct the jury in its willfulness instruction about reasonableness: "The Government agrees with Wheaten that violations of state law and Atlantic City Police Department policies are relevant, *but those violations are relevant only to willfulness . . . .*" Gov't Response at 6 (emphasis added). The Government stated that it would consent to the following addition to the willfulness instruction:

> Compliance with law and the policies of the Atlantic City Police Department may be used as a factor in your determination of willfulness.

      Once again, the Government apologizes for not clearly articulating its position. The Government does not consent to the modification suggested in the text order. The Government's position is that an instruction about violations of state law and Atlantic City Police Department policies would not be appropriate in the instructions on the second element and that the only appropriate modification of the jury instructions would be the modification quoted above to the willfulness instruction. The Government respectfully requests that the Court reconsider its ruling on Wheaten's eighth objection to the jury charges and make the Government's proposed addition to the willfulness instruction.

                                           Respectfully submitted,

                                           PHILIP R. SELLINGER
                                           United States Attorney

                                         By:   R. DAVID WALK, JR.
                                                   JASON M. RICHARDSON
                                         Assistant United States Attorneys

cc:    Stacy Ann Biancamano, Esquire (via ECF and email)
       Louis M. Barbone, Esquire (via ECF and email)