UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Renee M. Bumb |
| v. | : | Crim. No. 18-608 (RMB) |
| STERLING WHEATEN | : | |

BRIEF OF DEFENDANT STERLING WHEATEN IN OPPOSITION TO THE GOVERNMENT'S MOTIONS IN LIMINE TO (1) EXCLUDE GOVERNMENT'S EXPERT WITNESS AND (2) TO PROHIBIT DEFENDANT FROM INTRODUCING IRRELEVANT, IMMATERIAL, AND UNFAIRLY PREJUDICIAL EVIDENCE OFFERED FOR THE PURPOSE OF JURY NULLIFICATION

*Introduction*

On Friday, February 11, 2022, at approximately 12:00 pm and 3:25 pm respectively, the Government filed the two additional *in limine* motions referenced above. We will address each in the order in which they were filed. For the reasons that will be outlined herein we respectfully submit that the Motions should be **DENIED.**

1. *The Government's Motion to Exclude the Testimony of Its Own Expert Should Be Denied*

Understanding that the Defense may seek to elicit specific testimony from Dr. Mesloh as outlined in the expert report he prepared for the Government the Government previously sought to limit the Defense's ability to do so in its Motion at Dkt. 53. By way of background, the Court denied the Government's prior Motion stating in part, "the Court denies the Government's Motion *in Limine* with respect to the testimony of Charlie Mesloh, Ph.D. The Court is not persuaded that Dr. Mesloh's finding that Defendant's conduct "does not rise to the level of a criminal act and perhaps not even to the level of a civil action" constitutes a legal conclusion as alleged by the

Government. [Docket No. 53, at 14.] Such statement only offers Dr. Mesloh's opinion of what Defendant's conduct is not and stops short of reaching a legal conclusion." Now, mid-trial, the Government seeks to reframe its prior Motion in an effort to usurp the Court's prior ruling. We respectfully request, in line with the Court's prior ruling, that the Government's Motion be denied.

As a preliminary matter, we respectfully submit that the Motion should be denied as contrary to Your Honor's Rules and Procedures which provide that any *in limine* motions are to be submitted "at least three weeks before the start of trial" (Rules and Procedures at VII (A)). As the Court is aware, the trial of this matter commenced before Your Honor on February 8, 2022 and the Government filed this Motion on February 11, 2022 at 12:00 pm. That said, even if the Court is willing to consider the merits of the Government's Motion, we respectfully submit that it must still be denied.

Federal Rule of Evidence 702 has a liberal policy of admissibility. See Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir. 1997). Admissibility rather than rejection of expert testimony is the exception rather than the rule. See Advisory Committee Notes, Fed. R. Evid. 702; See also Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 780 (3d Cir. 1996). Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusion. Linkstrom v. Golden T. Farms, 883 F.2d 269, 270 (3d Cir. 1989). Here, no such strong factors exist. It is no surprise that the Defense intends to call Dr. Mesloh to testify, and we anticipate he will testify in a limited capacity while Dr. Ferland will testify in a more comprehensive capacity. As such, the additional trial time that will result from his testimony will be minimal. Additionally, the Government's representation that Dr. Mesloh's testimony would be cumulative to that of Dr. Ferland is disingenuous. While both experts may consider similar issues, their reports - and by extension their potential testimony

– are clearly distinguishable in that Dr. Ferland finds no violations of K9 policy and procedure, while Dr. Mesloh, to the contrary, does find such violations but nonetheless states "in my opinion, this does not rise to the level of a criminal act and perhaps not even to the level of a civil action" (Mesloh Report at Pg. 9). Accordingly, in view of the foregoing, we respectfully submit that the Government's Motion to exclude Dr. Mesloh's testimony as cumulative should be **DENIED.**

2. *The Government's Motion Seeking to Prohibit Defendant from Introducing Irrelevant, Immaterial, and Unfairly Prejudicial Evidence Offered for the Purpose of Jury Nullification Should Be Denied*

As with the prior Motion, the Government filed this Motion on Friday, February 11, 2022 at 3:25 pm contrary to Your Honor's Rules and Procedures which indicate that all *in limine* Motions are to be filed at least three weeks prior to trial. See Rules and Procedures at VII (A). As Your Honor is aware, trial in this matter commenced on February 8, 2022 and we are now into our second week. On that basis alone, we respectfully submit that the Government's Motion should be denied. However, to the extent the Court intends to consider the merits of the Government's Motion despite the late filing, we respectfully submit that the Motion should still be **DENIED**.

The basis on which the Government makes its Motion is a statement of **fact** Counsel made during his opening statement regarding Mr. Wheaten's employment with the Atlantic City Police Department. The statement counsel made was limited to providing background factual information regarding Mr. Wheaten, the Defendant in this case. Such background information regarding the Parties in a case is relevant for a Jury to consider and welcome in an opening statement. Notably, at the time the statement was made by counsel, the Government *raised no objection*. Accordingly, we respectfully submit that any objection to that statement was thereby waived and is not preserved by subsequently filing an out-of-time *in limine* Motion. Beyond that, as was the case with many of the Government's prior *in limine* Motions, the instant Motion unnecessarily seeks a preemptive

ruling on issues that are more appropriately addressed by way of objection during trial if and when objectionable testimony of this nature is elicited. Because the Government maintains the ability to raise such objections in the appropriate context, we respectfully submit that this Motion should be **DENIED.**

        Respectfully submitted,
        s/ *Stacy Biancamano*
        Stacy Biancamano
        &
        s/ *Lou Barbone*
        Lou Barbone
        *Attorneys for Defendant, Sterling Wheaten*